**GARLAND et al. v. SANDERS et al.**

No. 12612.

Court of Civil Appeals of Texas. Dallas.

Jan. 29, 1938.

Rehearing Denied March 5, 1938.

·Enoch Fletcher, of Grand Saline, and Bond & Porter, of Terrell, for appellants.

Wynne & Wynne, of Wills Point, and West & Stanford, of Canton, for appellees.

LOONEY, Justice.

E. M. Shivers and W. L. Garland, resident taxpayers in commissioners' precinct No. 1, Van Zandt county, Tex., brought this suit against the commissioners' court of said county and members of the court individually, the county judge, treasurer and auditor of the county, to review an order of said court (of April, 1931) distributing the Road and Bridge Fund of the county, and to enjoin defendants in their official capacity from distributing the fund in accordance with the order, alleging, in substance, that commissioners' precinct No. 1, with the exception of precinct No. 4, contained more square miles of territory than either of the other precincts, had more miles of county roads to keep, over which, in addition to normal traffic during the last four years, an unusual traffic passed due to the opening of an oil field in the precinct; that the precinct is traversed by as many creeks, rivers, and has within its territory as many lowlands as the other precincts combined; in short, the allegations are to the effect that the demands for the expenditure of the Road and Bridge Fund in said precinct are greater and more compelling than exist with reference to the other precincts; that for the years 1931, 1932, 1933, and 1934 more taxes were paid in said precinct for road and bridge purposes than in the other three combined; that during such period precinct No. 1 paid approximately 73 per cent. of the total Road and Bridge Fund of the county; that notwithstanding these facts and the conditions created thereby, the commissioners' court, in April, 1931, arbitrarily adopted an order dividing the Road and Bridge Fund equally among the four districts; that such was an arbitrary division made, without examining into or considering either the existing needs of said roads, the road mileage, the amount of

traffic over same, or the amount of taxes collected in each precinct for road and bridge purposes; and that it became the settled policy of the commissioners' court to apportion the road and bridge fund of the county equally, one fourth thereof to each commissioner, without inquiring into or ascertaining the needs of the roads in the respective precincts.

The trial court sustained a general demurrer to plaintiffs' petition, and as they declined to amend the suit was dismissed, from which an appeal was taken to this court. Shivers v. Stovall, 75 S.W.2d 276, 278. We held that the petition alleged a cause of action; therefore, reversed the judgment and remanded the cause for trial on its merits. On writ of error, the Supreme Court affirmed the judgment of this court in an opinion by Judge German of Section A of the Commission adopted by the Supreme Court, Stovall v. Shivers, 103 S.W.2d 363, 366.

The law of the case was announced in the opinion by Chief Justice Jones, and in the opinion for the Supreme Court by Judge German, as will be shown by the following excerpts: Referring to section 8 of article 5 of the Constitution and article 1908 of the statutes, conferring upon district courts appellate jurisdiction and general supervisory control over the county commissioners' courts, Judge Jones said: "Our courts have repeatedly held that a direct suit, either in law or in equity, whose purpose and effect is to review or set aside an order of a commissioners' court, comes within the power granted by the constitutional and statutory provisions above referred to. Haverbekken v. Hale, 109 Tex. 106, 204 S.W. 1162; Oden et al. v. Barbee et al., 103 Tex. 449, 129 S.W. 602; Kirby v. Transcontinental Oil Co., Tex.Civ.App., 33 S.W.2d 472; Bird et al. v. Alexander et al., Tex.Civ.App., 288 S.W. 606."

The statute directly under review in this litigation is article 6740, R.S., reading: "The commissioners court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct." Referring to this statute, Judge Jones said: "This article defines the duties of the commissioners court in reference to the expenditure of the road and bridge

fund and, in effect, forbids any arbitrary apportionment of such fund among the commissioner precincts. There is placed upon the commissioners' court the duty of judiciously and equitably expending the county road and bridge fund on the roads and bridges of their county. The term 'judiciously,' as therein used, means that the commissioners' court, in expending such fund, shall be directed or governed by sound judgment. * * * A statutory duty, therefore, rests upon the commissioners' court of a county, to exercise sound judgment, based upon a fair and impartial consideration of the needs of the various roads of the county, in the expenditure of the road and bridge fund. If such judgment so exercised will allow such fund to be expended in each precinct in proportion to the taxes for road and bridge purposes, collected in such precincts, then the duty rests upon the commissioners' court to so apportion the fund."

After mentioning statutory provisions germane to the subject under discussion, Judge German said: "These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commissioners court of each county shall regard the roads and highways of the county as a system, to be laid out, changed, repaired, improved, and maintained, as far as practical, as a whole to the best interests and welfare of all the people of the county. It is clearly contemplated that all roads and bridges of the county shall be maintained, repaired, and improved when necessary, as the conditions may require, regardless of the precinct in which same may be located, so far as the funds will equitably justify. This being true, we think that a commissioners court cannot voluntarily disable itself from performance of this general obligation by arbitrarily dividing the road and bridge fund according to some fixed standard, and apportioning same to be expended in a particular precinct, to the detriment of roads and bridges in other precincts. Notwithstanding this, the commissioners court must give effect to said article 6740 except when the necessities of the roads and bridges require a departure from it. That article requires that the road and bridge funds of all counties shall be judiciously and equitably expended. It further requires that such funds shall, as nearly as the condition and necessity of the roads will permit, be expended in each commissioners precinct in proportion to the amount collected in such precinct. The dominant

purpose of this statute seems to be to require that the road and bridge fund shall be expended in each commissioners precinct in proportion to the amount collected therein. In this regard, the statute means that each precinct shall prima facie be entitled to its own funds, and in the absence of any reasons to the contrary they should be so divided and expended. However, the duty to expend the funds in the proportion above mentioned is not an absolutely inflexible one. This is evident from the fact that the dominant purpose of the statute is qualified to the extent that the court by clear implication is given the right to expend the road and bridge fund in a proportion other than in the proportion in which they are collected when the conditions of the roads in the respective precincts creates a necessity so to do. We think, however, that the requirement to expend the fund in the proportion mentioned cannot be avoided except in cases or conditions of necessity. Of course, the commissioners court has the right to exercise its sound judgment in determining the necessity, but it cannot act arbitrarily in regard to such matter."

We think the evidence tends to show that, after the case was reversed and the controlling rules of law announced, as just shown, the commissioners' court sought, in good faith, to conform its future handling of the Road and Bridge Fund in accordance with the rulings of the courts and, to that end, on June 2, 1937, adopted a resolution reading: "Whereas, it is necessary and proper that this court should have and hold hearings at regular and stated times for the purpose of considering the conditions, necessities and requirements of the roads and bridges of the county, and the allocation of funds to be expended thereon out of the road and bridge fund of the county, the first Monday in each calendar month is hereby designated as the date for such hearing, the same to be held in the County Court Room in the Court House at Canton, Texas, beginning at 10 o'clock A. M. on each of such days and dates."

Subsequently, plaintiffs joined by Commissioner Tunnell, as intervener, filed an amended petition, in which they brought forward previous allegations and, in addition alleged that, to all intents and purposes, the commissioners' court, over the protest of Commissioner Tunnell, and in disregard of the statute, continuing the same course of arbitrariness and discrimination against precinct No. 1 as before, and in order to

make their acts appear valid, passed an order on June 2, 1937, by which a hearing was ordered for the first Monday in each month, to determine the needs and necessities of the roads in each precinct, and to allot funds for the maintenance of roads therein (the order heretofore copied); that said order was passed purely and simply as a subterfuge in an effort to get around the holding of the Commission of Appeals, without any intention on the part of said commissioners of holding hearings or determining from evidence the needs and conditions of roads and bridges of the various precincts; that the order was made in furtherance of a plan by the majority of the court to take from precinct 1 money to which it was justly and by law entitled to receive, and to cover up their illegal action in continuing to divide the road and bridge fund equally among the four precincts of the county; alleging further that all orders of the courts showing or tending to show a different policy are but subterfuges on the part of the majority to make their actions appear legal; that a conspiracy exists among members of the court to do everything they can to keep the commissioner of precinct number one from getting control of that part of the road and bridge fund to which his precinct is entitled, etc., praying for an order restraining the commissioners' court from expending any of said funds until a hearing could be had, and that upon such hearing that the court issue a temporary injunction, restraining the commissioners court and the members thereof from making any division of the fund other than to divide the same in proportion to the amount of taxes paid by each precinct; and that they be enjoined from making distribution of said fund in any manner, except in accordance with the provisions of article 6740 of the statutes, etc. Honorable Sam Holland, judge of the Third judicial district, presiding by regular assignment in the Eighty-Sixth district, granted a temporary restraining order, subject to future orders of court, and set the matter down for hearing.

Defendants filed a lengthy motion to dissolve the restraining order, and an answer to the petition of plaintiffs for a temporary injunction (to which was attached, as exhibits, certified copies of orders of the commissioners' court), in which defendants alleged that, since the institution of the suit, the official personnel of the county (original defendants in the case) had completely changed, and that the present defendants.

should not be charged with the acts of their predecessors; that the order of the commissioners' court, adopted in 1931, and the policy of distributing the road and bridge fund, in pursuance thereof, as alleged by plaintiffs, was abrogated and a different policy adopted by the commissioners' court on June 2, 1937 (the order heretofore copied); that other orders of the present court, adopted during the year 1937 with reference to the road and bridge fund of the county, show that the order of April 1931, and the plan and policy of dividing the fund thereunder, had been abrogated, and that the road and bridge fund of the county is now and has been, since the adoption of the resolution of June 2, 1937, divided and allotted in different amounts, not in accordance with any set formula, as alleged by plaintiffs, but in accordance with the statutes, requiring that the fund be "judiciously and equitably expended on the roads and bridges of the county"; alleging further, in detail, facts that tend to disprove arbitrariness on the part of the defendants, or the existence of inequality in the distribution of the road and bridge fund.

A hearing was had on October 21, 1937, by Honorable G. O. Crisp, the regular judge, who found that the county judge and the defendant members of the commissioners' court "had held since the 2nd day of June 1937, monthly meetings of said Court for the purpose of considering the needs and necessities for the county roads of Van Zandt County and, that after said monthly hearing, that said Commissioners' Court had upon such hearings apportioned the Road and Bridge Fund of Van Zandt County to each precinct of said County according to the needs and necessities as they at such time from such hearings determined for the best advantage for the said roads of said County, and that said Court had for such purpose taken into consideration article 6740 of the Revised Statutes of the State of Texas, and had at no time attempted to follow any set mathematical formula or calculation in the distribution, division and expenditure of said Road and Bridge Fund collected as taxes for Van Zandt County, Texas, and further finding that no evidence (existed) of any conspiracy upon behalf of the Commissioners of Precincts Nos. 2, 3 and 4 of Van Zandt County, Texas, to arbitrarily allot and expend said Road and Bridge Fund in accordance with any set mathematical formula, but finds that each expenditure and allot-

ment from the evidence and from the records of the Commissioners' Court of Van Zandt County, Texas, was made as the needs and necessities of the roads of the county were shown upon said monthly hearings, and from such findings and other facts found by said Court, the Court was of the opinion that the motion of the Defendants in this cause to dissolve the temporary restraining order, hereinbefore issued, and the modifications thereof, should be in all things dissolved and that the temporary injunction, as prayed for by said plaintiffs, should be in all things denied." .

The only matter for our consideration on this appeal is whether or not the trial judge, in refusing to grant a temporary injunction, abused his discretion, and in determining the question, in view of the trial of the case on its merits, we refrain from expressing any opinion as to the probative value of the evidence, except as to its bearing on the correctness, whether or not, of the action of the trial court brought under review.

If full faith and credit is given the resolution of June 2, 1937, according to the ordinary signification of the words employed, we think it evidences the adoption by the commissioners' court of an entirely new plan or policy for the expenditure of the Road and Bridge Fund of the county, wholly at variance with the plan adopted in 1931, and allegedly thereafter pursued. The resolution provides for monthly hearings "for the purpose of considering the conditions and necessities of the roads and bridges of the county, and the allocation of funds to be expended thereon out of the Road and Bridge Fund of the County." Plaintiffs concede that, if the procedure outlined in the resolution is pursued in good faith, the law will be satisfied; however, they contend that the resolution was not adopted in good faith, but as a subterfuge to evade the court's holding, and that the majority did not intend to comply therewith.

So, it seems that the issue is narrowed to the question of good faith on the part of the majority, in adopting the resolution. Plaintiffs, pursuing this line of thought, contend that the court erred in finding that the commissioners' court had monthly hearings for the purpose indicated, in that, the evidence disclosed that when witnesses were offered they were not permitted to testify, and further that the court erred in its finding that, the commissioners' court apportioned the Road and Bridge Fund accord-

ing to the needs and necessities of the roads of the county.

■ Bearing upon this phase of the case, the record discloses that, after the adoption of the resolution, the court held a number of sessions at which the expenditure, from month to month, of the road and bridge fund in the respective districts was directed by orders, reciting in substance that the expenditure of said fund was directed after hearing evidence as to the condition, necessities, and requirements of the roads and bridges. The amounts allocated to the several precincts varied somewhat, but not materially. At the July, 1937, meeting of the commissioners' court, a number of citizens of precinct 1 were present (at the request of Commissioner Tunnell), prepared to express to the court their views in regard to the condition of the roads in the precincts, but did not testify because the other commissioners were of opinion that such a hearing was not contemplated. However, Commissioner Tunnell's testimony is to the effect that he and each of the other commissioners knew as much and doubtless more about the condition of the roads in their respective precincts than other persons, and that when the court assembled at its hearing, the county judge and the four commissioners discussed the condition of the roads. County Judge Sanders also testified that, at hearings held after adopting the resolution of June 2, 1937, information as to the condition and necessities of the roads of the county was obtained from the commissioners themselves; and that the road and bridge fund was allotted to the commissioners to be expended on the roads in their respective precincts, according to their necessities. Therefore, we do not think it can be correctly said that the finding of the trial judge, to the effect that the commissioners' court held monthly meetings for the purpose of considering the needs and necessities of the county roads, is without supporting evidence; nor do we think it can be correctly said that there was no evidence supporting the finding of the judge to the effect that the commissioners' court apportioned the road and bridge fund of the county according to such needs and necessities, certainly, we think this is true, in view of the absence of any evidence showing that the condition of the roads and bridge in precinct 1 were worse than those in other precincts, or that the necessities of the roads in precinct 1 required a larger allotment of the fund than was being made.

■ No particular procedure is prescribed for the commissioners' court to follow in ascertaining the condition and necessities of the roads and bridges in the county. They are at liberty to pursue their own method, and it is entirely beyond the province of the courts to control their discretion in this respect, or to determine how the road and bridge fund shall be expended; this, too, being a matter within the peculiar province of the commissioners' court, free from interference by the courts so long as the action of the commissioners' court is not arbitrary, or taken without having given due consideration to the conditions and necessities of the roads of the county.

It is also contended that the court erred in finding that the commissioners' court did not follow any set formula in the distribution and expenditure of the road and bridge fund; the contention being that such finding was against the uncontradicted evidence. It is obvious that this finding is with reference to the allocation and expenditure of the road and bridge fund, made after the adoption of the resolution of June 2, 1937; with reference to which County Judge Sanders, who took office January 1, 1937, denied the existence of a formula by which the commissioners' court allocated the road and bridge fund of the county equally among the several precincts without regard to the amount of taxes paid in the precinct or the needs and conditions of the roads and bridges therein. However, if such a condition did prevail prior to 1937, we think the evidence tended strongly to show that such condition no longer existed and that no such formula was followed by the court during the year 1937, and especially after June 2d of that year, the date of the adoption of the resolution before mentioned.

It is also urged that the judge erred in finding that the commissioners' court allocated the road and bridge fund to each precinct in accordance with the provisions of article 6740, R.S.; the contention being that the uncontradicted evidence shows that the commissioners did not know or have in their possession facts showing the amount of taxes paid into the road and bridge fund by each precinct. The deputy tax collector testified that the commissioners had not obtained from the collector's office such information. Doubtless it is true that the commissioners did not have an official state-

ment from the collector's office containing such information, but the commissioners were not dependent alone upon that source of information. It will be presumed that each member of the court was familiar with the boundary of his precinct and, as a member of the board of equalization, had a general knowledge of tax values in the respective precincts, besides such information could have been acquired in other ways.

After carefully considering the questions raised, we reached the conclusion that there is ample evidence to sustain the order of the trial judge; hence, that his action in refusing to grant a temporary injunction was not an abuse of discretion; therefore, affirm the same.

Affirmed.