

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 16, 1947

Hon. V. H. Sagebiel
County Attorney
Gillespie County
Fredericksburg, Texas

Opinion No. V-347

Re: Where a county pro-
cures a right-of-way
for a farm-to-market
road wholly within
two precincts, is it
a county-wide project
to be paid from funds
of the entire county.

Dear Sir:

Your statement and request for an opinion are in part as follows:

"The population of Gillespie County, according to the last Federal Census is 10,670, and the assessed valuation is approximately $8,000,000.00.

"The Commissioners, who are also ex officio Road Commissioners, operate, build and maintain county roads individually in their several precincts, each out of road building funds apportioned their precincts pro rata according to assessed valuations in their individual precincts. For instance, Precinct Number One, which includes the valuations of the city of Fredericksburg, receives 37/100 of the total county road funds and spends about 1/5 thereof in building and maintaining streets in the city of Fredericksburg. The other three precincts are apportioned 23/100, 22/100 and 18/100, respectively.

"A Federal farm-to-market road is being surveyed under the supervision of the State Highway Department and the right-of-way must be procured. This highway is being built in a section of the county affecting only two of the Commissioners' Precincts and is not in any way beneficial to the residents of the other two precincts.

"Under these facts is the procuring
of the right-of-way a matter to be paid
for out of the funds of the precincts in
which the farm-to-market road is being
constructed, or is it a county-wide pro-
ject for which all the Commissioners pre-
cincts must provide funds?"

The question immediately arises as to what
interpretation and effect shall be given Article 6740,
V.C.S., which reads in part as follows:

"The commissioners court shall see
that the road and bridge fund of their
county is judiciously and equitably ex-
pended on the roads and bridges of their
county, and, as nearly as the condition
and necessity of the roads will permit,
it shall be expended in each county com-
missioners precinct in proportion to the
amount collected in such precinct."

In regard to similar situations involving
State highways, it is well settled that the Commission-
ers' Court may look to the entire county for funds to
procure a right-of-way that affects only one precinct.
Shivers v. Stovall, 75 S.W. (2d) 276, affirmed 103 S.W.
(2d) 363; Garland v. Sanders, 114 S.W. (2d) 302 (writ
dismissed). The principles and theories in relation to
a "farm-to-market" road are just the same. It is stated
in the Shivers case that:

"These provisions of the law, as well
as others which might be mentioned, clearly
contemplate that the commissioners court of
each county shall regard the roads and high-
ways of the county as a system, to be laid
out, changed, repaired, improved, and main-
tained, as far as practical, as a whole to
the best interests and welfare of all the
people of the county. It is clearly con-
templated that all roads and bridges of the
county shall be maintained, repaired, and
improved when necessary, as the conditions
may require, regardless of the precinct in
which same may be located, so far as the
funds will equitably justify.

"In our opinion, there is obviously
nothing in this article which compels the
commissioners court to divide the road and
bridge fund according to any fixed mathe-
matical formula, and apportion same in ad-
vance for the purpose of being expended in
any given precinct.  The use of the word
'expended' to our minds clearly suggests
that said funds shall be apportioned and
paid out from time to time as the necessity
for their use arises in the ordinary admin-
istration of the county affairs." (Emphasis
supplied)

From the above cited case, it is apparent that
the court makes no distinction as to the type or classi-
fication of roads in regard to its construction out of
the county road fund.  Nor do the later statutes, Article
6674-20, V.C.S., and H. B. No. 21 of the 50th Legislature,
which deal specifically with "farm-to-market" roads, in
any way change the above holding.

On the other hand, it is elementary that the
Commissioners' Court is the agency of the whole county
with each commissioner responsible to more than his own
precinct.  His duties are county-wide; he must safe-
guard the welfare of all the county, and in carrying out
his powers of establishing and maintaining a county road
system, the county road fund may be used in one or all
precincts depending upon the needs of the county.  This
should not be taken to mean, however, that it is manda-
tory that the Commissioners' Court should look to the
whole county to procure the funds for a right-of-way.
Article 6740, supra, clearly points out that, as nearly
as conditions will allow and as nearly as necessity will
permit, the said funds shall be expended in specific pre-
cincts in proportion to the amount collected therein.  In
this regard, also, the Shivers case, supra, explains:

". . . the commissioners court must
give effect to said article 6740 except when
the necessities of the roads and bridges re-
quire a departure from it.  That article re-
quires that the road and bridge funds of all
counties shall be judiciously and equitably
expended.  It further requires that such
funds shall, as nearly as the condition and
necessity of the roads will permit, be ex-
pended in each commissioners precinct in pro-

portion to the amount collected in such pre-
cinct. The dominant purpose of this statute
seems to be to require that the road and
bridge fund shall be expended in each commis-
sioners precinct in porportion to the amount
collected therein. In this regard, the stat-
ute means that each precinct shall prima
facie be entitled to its own funds, and in
the absence of any reasons to the contrary
they should be so divided and expended. How-
ever, the duty to expend the funds in the
proportion above mentioned is not an abso-
lutely inflexible one. . . . We think, how-
ever, that the requirement to expend the
fund in the proportion mentioned cannot be
avoided except in cases or conditions of
necessity. Of course, the commissioners
court has the right to exercise its sound
judgment in determining the necessity, but
it cannot act arbitrarily in regard to such
matter." (Emphasis supplied)

In view of the foregoing, it is our opinion
that "each precinct shall prima facie be entitled to its
own funds;" however, in "cases or conditions of neces-
sity" the Commissioners' Court in "its sound judgment"
may expend funds allocated to one precinct in another
precinct. In other words, this matter must be decided
by the Commissioners' Court, and so long as said Court
exercises its best judgment and does not act arbitrar-
ily in regard thereto, its findings will not be dis-
turbed.

Under the facts submitted, the cost of procur-
ing the right-of-way for the farm-to-market roads should
be paid for out of the funds allocated to the two pre-
cincts in which the roads are to be located, unless the
Commissioners' Court in its sound judgment finds, by
proper court order, that this is such a case, or condi-
tions are such, that the funds allocated to one precinct
or precincts should be expended in another precinct or
precincts.

## SUMMARY

The cost of procuring a right-of-way
for a farm-to-market road should be paid
for out of funds allocated to the precincts
in which the road is to be located, unless

the Commissioners' Court in its sound judg-
ment finds, by proper court order, that
conditions are such that the funds allo-
cated to one precinct or precincts should
be expended in another precinct or pre-
cincts.  (Shivers v. Stovall, 103 S.W. (2d)
363)

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Joe H. Reynolds
Assistant

JHR:djm:wb

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL