E. C. STOVALL, COUNTY JUDGE, ET AL. V. E. M. SHIVERS ET AL.

No. 6848.   Decided March 31, 1937.
(103 S. W., 2d Series, 363.)

West & Stanford, of Canton, for plaintiffs in error.

It was error for the Court of Civil Appeals to refuse to hold as a matter of law that "acts of the commissioners' court in expending road and bridge funds equally in the four commis-

sioners precincts is within its discretion and not subject to review on a general allegation that it is arbitrary, fraudulent, or in abuse of its discretion." Schiller v. Duncan, 21 S. W. (2d) 571; Davidson v. Eastland County, 6 S. W. (2d) 782; Waterbury v. City of Laredo, 60 Texas 519.

*Crawford & Fletcher,* of Grand Saline, for defendants in error.

A division of the road and bridge funds into four equal parts without regard to the condition of the roads is an arbitrary division, and being done without the exercise of any discretion, clearly subjects the action of the commissioners' court to correction by the district court. King v. Falls County, 42 S. W. (2d) 481; Doyle v. Slaughter, 250 S. W. 1090; Currie v. Glasscock County, 179 S. W. 1095.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by defendants in error, E. M. Shivers and W. L. Garland, resident taxpayers and citizens of Commissioners Precinct No. 1, Van Zandt County, Texas. They will be referred to as plaintiffs. The suit was against the County Judge, the Commissioners Court, the County Treasurer and the County Auditor of Van Zandt County. They will be referred to as defendants. The material allegations of plaintiffs' petition have been very succinctly summarized by the Court of Civil Appeals in its opinion and we adopt substantially that statement.

The allegations in the petition disclose that in April, 1931, the commissioners' court of Van Zandt County passed an order dividing the road and bridge fund for the county equally among the four commissioners precincts, and the fair intendment of the allegations in the petition is that this order was made without examination into, or consideration of, the needs of the roads in respect to repair, in each of the four precincts, and without regard to the mileage of roads in each precinct, the amount of traffic over the roads of such precincts, or the amount of taxes collected in each precinct for road and bridge purposes. This action in distributing such fund was taken over the protest of the commissioner of Precinct No. 1, who insisted that said fund should be distributed in each precinct in proportion to the amount of taxes collected in such precinct, and offered a resolution so apportioning said fund. For the years 1932, 1933, and 1934, the commissioners' court, without any other formal resolution, acted under the 1931 order in distributing the road

and bridge fund of the county, in the same manner as in 1931.

In 1931, Precinct No. 1 paid 73 per cent. of the taxes collected for road and bridge purposes, Precinct No. 2, 5 per cent., Precinct No. 3, 16 per cent., and Precinct No. 4, 6 per cent., and the same is true as to the amount of taxes paid by each precinct for the years 1932 and 1933. For the year 1934, it appears that Precinct No. 1 paid 72 1/2 per cent. of such taxes, Precinct No. 3, 16 1/2 per cent., and Nos. 2 and 4 the same percentage theretofore paid. In March, 1934, the commissioner of Precinct No. 1 offered a resolution, to the effect that the road and bridge fund should be distributed in proportion to the taxes paid by each precinct. This resolution was not passed and the commissioners' court adhered to the distribution of said fund as made by the resolution of 1931.

There are 831 square miles of territory in Van Zandt County, 221 in Precinct No. 1, 170 in Precinct No. 2, 250 in Precinct No. 3, and 190 in Precinct No. 4. Precinct No. 1 is traversed by as many creeks, rivers, and lowlands as are the other three precincts combined. The county roads in Precinct No. 1 have as much traffic as all of the other county roads in the county, there being located within said precinct a large oil field, which has been operated for the past four years. The needs of the oil field, in the way of machinery, requires the use of a great many trucks on such roads, and has required such use for the past four years, and the county roads in Precinct No. 1, by reason of the oil field, have had for the past four years more heavy traffic than all of the rest of the county roads in said county, and the county roads in said precinct are in a worse condition than such roads in any other precinct. Precinct No. 1 has 500 miles of county roads and no other precinct has more than 400 miles of county roads. While Precinct No. 3 contains more territory than Precinct No. 1, said precinct is not traversed by creeks, rivers, and lowlands, but is almost entirely prairie country, and the roads in such precinct need very little repair and maintenance. There are 65 miles of paved state and national highways through the county, but by reason of the location of these highways they accommodate less of the travel in Precinct No. 1 than they do any other commissioners precinct.

There were formal allegations that the action of the court in dividing the road and bridge fund in the manner as had been done was arbitrary and without the exercise of any discretion, and that it was done with the intention of depriving Precinct No. 1 of its rightful proportion of said funds.

The plaintiffs further alleged that unless the district court

exercised its power to supervise the actions of the county commissioners, the county treasurer, and the county auditor that they would continue to divide the road and bridge funds of the county equally among the four precincts.

It was also alleged that the road and bridge funds for the year 1934 would amount to $90,000.00; that unless the court issue a temporary restraining order the county officers would give Precinct No. 1 only 25 per cent. of this amount, whereas in law they were entitled to more than 70 per cent.

Plaintiffs asked for a temporary injunction to keep the county treasurer from paying out any more of the road and bridge money until a trial could be had.

They asked the court to review the 1931 order of the commissioners' court and declare it invalid. They also asked that all of the acts of the county treasurer, the county auditor and the county commissioners concerning the distribution of said funds since said time be reviewed and the court declare all of them to be invalid. They further asked that upon a trial, the court hear evidence and pro rate the said funds according to law. In the alternative, they asked that an injunction be issued restraining the spending of said money until it had been pro rated according to law. As a further alternative plea they asked that the disbursing of said funds be restrained until they were spent according to law.

In the district court a general demurrer was sustained to plaintiffs' petition and the cause was dismissed. The Court of Civil Appeals in its majority opinion reversed the judgment of the trial court and remanded the cause for hearing. Justice BOND dissented. 75 S. W. (2d) 276.

1 In addition to the allegations of the petition stating that since April, 1931, it has become the settled policy of the commissioners' court to divide the road and bridge fund into four equal parts, without inquiry as to the needs of the roads and bridges in the respective precincts, it is otherwise made to appear that the question has become one of intense political importance, and is of dominating influence in the public affairs of the county. In view of the fact that the manifest purpose of the suit is to obtain a revision of the order of 1931 on the ground of its invalidity, and to restrain its enforcement as the fixed and settled policy of the commissioners' court of the county, we think it can not be said that the case is in any sense moot.

2 If the order of the commissioners' court of April, 1931, be invalid, then there can be no question of the right of the dis-

trict court under Section 8 of Article 5 of the Constitution and under Article 1908 of the Revised Statutes of 1925, to review same and prevent its enforcement. Haverbekken v. Hale, 109 Texas 106, 204 S. W. 1162; Oden v. Barbee, 103 Texas 449, 129 S. W. 602; Kirby v. Transcontinental Oil Company, 33 S. W. (2d) 472 (writ refused).

It is also true that if in the passage of the order of April, 1931, the commissioners' court acted arbitrarily without the exercise of any discretion, or clearly abused its discretion, the district court in the exercise of its equitable powers can review and abrogate such action; and especially if the action of the court involves a failure to perform a duty affecting the public welfare. McLaughlin v. Smith, 140 S. W. 248, Id., 105 Texas 330, 148 S. W. 288; Oden v. Barbee, supra; Doyle v. Slaughter, 250 S. W. 1090; DuBose v. Woods, 162 S. W. 3.

All parties rely upon a construction of Article 6740 of the Revised Statutes of 1925. The pertinent portion of that article is as follows: "The commissioners' court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioner's precinct in proportion to the amount collected in such precinct."

Plaintiffs insist that as approximately 70 per cent. of the taxes paid in Van Zandt County are collected in Precinct No. 1, and as the condition and necessity of the roads in that precinct require a correspondingly proportionate amount of money, the commissioners' court should apportion to and expend upon the roads and bridges in that precinct approximately 70 per cent. of the road and bridge fund of the county, as provided by the above mentioned article, instead of only 25 per cent. They further contend that as the commissioners' court has divided the funds into four equal parts and apportioned same to the four precincts, year after year, it is obvious that there has been no use of discretion at all, but a mere mechanical division of the funds without regard to the condition and necessities of the roads. On the other hand, defendants contend that the division of the funds into four equal parts and apportionment to the four precincts equally involved an exercise of discretion on the part of the commissioners' court, or at least there was presumptively an exercise of such discretion, and the plaintiffs did not allege specific facts sufficient to show a clear abuse of that discretion.

**3, 4** It will be observed that the article in question provides that the road and bridge fund shall be judiciously and equitably

*expended* on the roads and bridges of the county, and, as nearly as the condition and necessity of the roads will permit, shall be *expended* in each county commissioners precinct in proportion to the amount collected in such precinct. In our opinion, there is obviously nothing in this article which compels the commissioners' court to divide the road and bridge fund according to any fixed mathematical formula, and apportion same in advance for the purpose of being expended in any given precinct. The use of the word "expended" to our minds clearly suggests that said funds shall be apportioned and paid out from time to time as the necessity for their use arises in the ordinary administration of the county affairs. By Article 2342 of the Revised Statutes it is provided that the several commissioners, together with the county judge, shall compose the "commissioners' court." Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners' court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners' court is to transact the business, protect the interests, and promote the welfare of the county as a whole. Among the powers conferred upon such court by Article 2351 are the following: The power to lay out and establish, change and discontinue roads and highways, the power to build bridges and keep them in repair, and the power to exercise general control over *all* roads, highways, ferries, and bridges in their counties. They have the power to levy a tax not to exceed 15 cents on the one hundred dollars valuation for roads and bridges. This fund is of course for the benefit of all roads and bridges of the county. These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commissioners' court of each county shall regard the roads and highways of the county as a system, to be laid out, changed, repaired, improved and maintained, as far as practical, as a whole to the best interests and welfare of all the people of the county. It is clearly contemplated that all roads and bridges of the county shall be maintained, repaired and improved when necessary, as the conditions may require, regardless of the precinct in which same may be located, so far as the funds will equitably justify. This being true, we think that a commissioners' court can not voluntarily disable itself from performance of this general obligation by arbitrarily dividing the road and bridge fund according to some fixed standard, and apportioning same to be expended in a particular precinct, to the detriment of roads and bridges in other precincts.

**5** Notwithstanding this, the commissioners' court must give effect to said Article 6740 except when the necessities of the roads and bridges require a departure from it. That article requires that the road and bridge funds of all counties shall be judiciously and equitably expended. It further requires that such funds shall, as nearly as the condition and necessity of the roads will permit, be expended in each commissioners precinct in proportion to the amount collected in such precinct. The dominant purpose of this statute seems to be to require that the road and bridge fund shall be expended in each commissioners precinct in proportion to the amount collected therein. In this regard the statute means that each precinct shall prima facie be entitled to its own funds, and in the absence of any reasons to the contrary they should be so divided and expended. However, the duty to expend the funds in the proportion above mentioned is not an absolutely inflexible one. This is evident from the fact that the dominant purpose of the statute is qualified to the extent that the court by clear implication is given the right to expend the road and bridge fund in a proportion other than in the proportion in which they are collected when the conditions of the roads in the respective precincts creates a necessity so to do. We think, however, that the requirement to expend the fund in the proportion mentioned can not be avoided except in cases or conditions of necessity. Of course, the commissioners' court has the right to exercise its sound judgment in determining the necessity, but it can not act arbitrarily in regard to such matter.

**6** Defendants insist that Article 6740 must be read in the light of Article 6739. It is obvious, however, that Article 6739 has application to moneys placed in the hands of road commissioners employed by the commissioners' court under Article 6737, and not to the county commissioners themselves. It is significant to note, however, that under Article 6739 as well as under Article 6762 a road commissioner, whether employed by the commissioners' court as such, or acting in an ex officio capacity, must expend the money, and use the machinery and materials furnished him, under the control, direction and authority of the commissioners' court itself.

From the foregoing it appears that the order of April, 1931, establishing a fixed policy of mechanically dividing the road and bridge fund into four equal parts and allotting same year after year to the four precincts, regardless of the amount of taxes collected in said precincts, or the condition and needs of the roads, was not authorized by Article 6740, or any other statute. It further appears that such practice necessarily re-

sulted, in light of the other facts alleged, in preventing the court from judiciously and equitably expending said funds upon the roads and bridges of the county as a whole. The petition also alleges facts which clearly raised an issue of discrimination against Precinct No. 1 in the expenditure of the road and bridge funds. The district court is of course without power to determine how the road and bridge fund shall be expended, and if the action of the court complained of could reasonably be said to be based upon an exercise of discretion, after due consideration of the conditions and necessities of the roads of the county, an entirely different situation would be presented. We think, however, the allegations of the petition exclude the idea of the exercise of any discretion based upon a consideration of the question of the necessity and conditions of the roads and bridges. The petition negatives the idea of a bona fide effort to comply with Article 6740, and instead tends to show a studied effort to disregard it.

As to that portion of automobile registration fees retained by Van Zandt County, Article 6675a-10 expressly provides how same shall be expended, and for that reason it is obvious that Article 6740 has no application to same.

For the reasons herein stated, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court March 31, 1937.