

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 31, 1948

Hon. H. P. Guerra, Jr.
County Attorney
Starr County
Rio Grande City, Texas

Opinion No. V-532

Re: The validity of a Com-
missioners' Court or-
der that all road em-
ployees shall be hir-
ed and all road mater-
ials shall be pur-
chased by the Court,
acting through the
County Judge, rather
than by individual
county commissioners.

Dear Sir:

Reference is made to your recent request
which reads, in part, as follows:

"The Commissioners Court of Starr
County has passed a resolution to the ef-
fect that from and after the 28th day of
February 1948, all road hands, foremen and
any and all persons now employed on the
county roads, who have been employed by
the commissioners of the respective pre-
cincts, be discharged and that upon their
discharge, the Commissioners Court shall
employ all such county road workers in
the various precincts. The resolution al-
so provides that all materials and supplies
necessary in the maintainance of such roads
shall be purchased by the court and not by
the respective commissioners and further
provides that the County Judge is thereby
appointed the sole person authorized to
employ such workers and make all purchases.
This resolution was passed, two commis-
sioners voting for it, two against it and
the County Judge voting for it.

"The two commissioners who voted
against the resolution, consider that

it is an attempt on the part of the two
commissioners who voted for it and the
County Judge to gain control over all
road matters within the precincts of
these two commissioners who voted against
the resolution. They consider that this
would be tantamount to relieving them of
their duties as commissioners for their
respective precincts which they assumed
upon being elected and that it would ef-
fect a delegation of their duties to
someone who is not charged by law with
the performance of such duties. . .

"I request your opinion as to the
legal effect of the resolution which I
have described above."

You also advised us that Starr County is not
operating under the optional County Road Law.

Article 2351, V. C. S., provides, in part,
that:

"Each commissioners court shall:...

"3. Lay out and establish, change
and discontinue public roads and high-
ways.

"4. Build bridges and keep them in
repair.

"5. Appoint road overseers and ap-
portion hands.

"6. Exercise general control over
all roads, highways, ferries and bridges
in their counties."

Article 6713, V. C. S., is as follows:

"Except when road commissioners are
employed, the county commissioners shall
be supervisors of public roads in their
respective counties, and each commission-
er shall supervise the public roads within
his commissioners precinct once each month.
He shall also make a sworn report to each

regular term of the commissioners court
held in his county during the year, show-
ing:

"1. The condition of all roads and
parts of roads in his precinct.

"2. The condition of all culverts
and bridges.

"3. The amount of money remaining in
the hands of overseers subject to be expend-
ed upon the roads within his precinct.

"4. The number of mile posts and fin-
ger boards defaced and torn down.

"5. What, if any, new roads of any
kind should be opened in his precinct, and
what, if any, bridges, culverts, or other
improvements are necessary to place the
roads in his precinct in good condition
and the probable cost of such improvements;
also the name of every overseer who has
failed to work on the road, or in any way
neglected to perform his duty.

"Said report shall be spread upon the
minutes of the court, to be considered in
improving public roads and determining the
amount of taxes levied therefor."

Article 6740, V. C. S., provides for the ex-
penditure of the road and bridge fund of the various
counties, and Article 6741, V. C. S., provides that:

"The commissioners court may make and
enforce all reasonable and necessary rules
and orders for the working and repairing
of public roads, and to utilize the labor
to be used and money expended thereon, not
in conflict with the laws of this State.
Said court may purchase or hire all nec-
essary road machinery, tools or teams, and
hire such labor as may be needed in addi-
tion to the labor required of citizens to
build or repair the roads."

If Starr County has appointed a road superin-

tendent for the county or one such superintendent for each precinct of the county, pursuant to Article 6743, V. C. S., then Article 6751, V. C. S., is applicable and is as follows:

> "The commissioners court of any such county is authorized to purchase or hire all necessary road machinery, tools, implements, teams and labor required to grade, drain, or repair the roads of such county, and said court is authorized and empowered to make all reasonable and necessary rules, orders and regulations not in conflict with law for lay- ing out, working and otherwise improving the public roads, and to utilize the labor and money expended thereon, and to enforce the same."

The court, in the case of Stovall v. Shivers, (Civ. App.) 75 S. W. (2d) 276, affirmed 129 Tex. 256, 103 S. W. (2d) 363, said:

> "By Article 2342 of the Revised Stat- utes, it is provided that the several com- missioners, together with the county judge, shall compose the 'commissioners court.' Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are there- fore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the busi- ness, protect the interest, and promote the welfare of the county as a whole. Among the powers conferred upon such court by article 2351 are the following: The power to lay out and establish, change and discontinue roads and highways, the power to build bridges and keep them in repair, and the power to exer- cise general control over all roads, highways, ferries, and bridges in their counties."

We believe that the resolution is merely cum- lative insofar as it states that the Commissioners' Court shall employ all such county road workers in the various precincts, since it is incumbent upon the Com- missioners' Court to perform this duty under the stat- utes, even in the absence of such a resolution. True,

each Commissioner may recommend to the Commissioners' Court that it employ certain persons to work on the county roads in his respective precinct, but the Commissioner himself has no authority to employ road hands. Nor do we believe that the Commissioners' Court may delegate this power to the County Judge.

The same rule of law is applicable to the Commissioners' Court relative to purchases made by the county. We shall quote only those statutes which deal with county purchases which we deem pertinent to your inquiry.

Article 1659, V. C. S., provides, in part, as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, . . . In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

Article 6729, V. C. S., provides, in part, as follows:

"The commissioners court may use either timber, earth, stone, gravel, or other necessary material most convenient therefor to build, repair, or maintain any public road or any part of any public road in the county without regard to the location or extent thereof or the funds from which said repair or maintenance is paid. In such case the owner of any such material shall be paid a fair and just compensation therefor as may be agreed upon by the owner or his agent and the commissioners court."

The act further provides in the event the Commissioners' Court and the owner of the material fail to agree upon the price to be paid for such material that the Commissioners' Court may condemn same.

Article 2368a, Sec. 2, as amended in 1947, R. S., 50th Leg., provides, in part, as follows:

"Sec. 2. No county acting through its Commissioners Court and no city in this State shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand Dollars ($2,000) or more out of any fund or funds of any county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids."

It further provides for advertisement, etc., together with a calamity clause.

We think it abundantly clear from the above statutes that it is the duty of the Commissioners' Court to make such purchases and further that the power is a non-delegable one. Hence, the Commissioners' Court may not authorize the County Judge to make such purchases.

By virtue of the foregoing, it is the opinion of this Department that the resolution passed is of no force and effect insofar as it attempts to delegate to the County Judge the power to employ road hands and to make purchases for the county.

## SUMMARY

That portion of a resolution passed by the Commissioners' Court of Starr County which provides that all county road employees shall be hired and all road materials shall be purchased by the County Judge is invalid, since this duty is imposed upon the Commissioners' Court. Arts. 1659, 2368a and 6729, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL
BA:mw

By *Bruce Allen*

Bruce Allen
Assistant