

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 28, 1952

Hon. Homer L. Moss          Opinion No. V-1424
County Attorney
Wheeler County           Re:   Authority of the com-
Wheeler, Texas                 missioners' court to
                               charge to the allotment
                               of the road and bridge
                               fund of one precinct
                               money expended on roads
                               in that precinct by a
                               commissioner of another
Dear Sir:                      precinct.

        Your request for an opinion of this of-
fice presents the following question:

        Where a county commissioner of one
    precinct repairs county roads in another
    commissioner's precinct in his county,
    without the consent of the resident com-
    missioner, can the commissioners' court
    charge to the allotment of the resident
    commissioner's precinct the amount of
    money expended for such repairs?

        Article 2342, V.C.S., provides:

        "The several commissioners, to-
    gether with the county judge, shall com-
    pose the 'Commissioners Court,' and the
    county judge, when present, shall be the
    presiding officer of said court."

        Article 2351, V.C.S., provides:

        "Each commissioners court shall:

    . . .

        "3.  Lay out and establish, change
    and discontinue public roads and high-
    ways.

        "4.  Build bridges and keep them in
    repair. . . .

"6.   Exercise general control over
all roads, highways, ferries and bridges
in their counties.   . . ."

In view of the foregoing provisions it
is the duty of the commissioners' court, and not
the individual commissioners, to construct and
maintain the roads of the county.   Each commis-
sioner must keep himself informed of the condi-
tion of the roads and the need for repairs and
improvements in his precinct and report this in-
formation at each term of the commissioners court.
Art. 6713, V.C.S.   A commissioner should have the
approval of the commissioners' court before any
work on the roads is performed because individual
commissioners have no authority to bind the coun-
ty by their separate actions.   Canales v. Laughlin,
147 Tex. 169, 214 S.W.2d 451 (1948); Swain v. Mont-
gomery County, 154 S.W.2d 695 (Tex. Civ. App. 1941,
error ref. w.o.m.).   However, the commissioners'
court may ratify that which it might have author-
ized originally.   Cameron County v. Fox, 61 S.W.2d
483 (Tex. Comm. App. 1933); State v. Carnes, 106
S.W.2d 397 (Tex. Civ. App. 1937).   We therefore
assume that the work outlined in your request was
either performed upon an order of the commissioners'
court or subsequently ratified.

It was held in Attorney General's Opin-
ion O-4548 (1942) that it is the duty of the com-
missioners' court to construct and maintain the
roads of a county as a whole without regard to pre-
cinct lines.   Likewise, in Attorney General's Opin-
ion V-566 (1948), it was held that automobile regis-
tration fees paid into the road and bridge fund of
the county should be expended in such a manner as
to give the county as a whole a uniform system of
roads without reference to precinct lines.

In Canales v. Laughlin, supra, and Stovall
v. Shivers, 129 Tex. 256, 103 S.W.2d 363 (1937) it
was held that the commissioners' court in maintaining
and repairing the roads of the county shall regard
the roads as a unit and expend money for such main-
tenance to the best interests and welfare of all
the people of the county.   We quote the following
from Stovall v. Shivers:

". . . In our opinion, there is obviously nothing in this article which compels the commissioners court to divide the road and bridge fund according to any fixed mathematical formula, and apportion same in advance for the purpose of being expended in any given precinct. The use of the word 'expended' to our minds clearly suggests that said funds shall be apportioned and paid out from time to time as the necessity for their use arises in the ordinary administration of the county affairs. By article 2342 of the Revised Statutes, it is provided that the several commissioners, together with the county judge, shall compose the 'commissioners court.' Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the business, protect the interests, and promote the welfare of the county as a whole. Among the powers conferred upon such court by article 2351 are the following: The power to lay out and establish, change and discontinue roads and highways, the power to build bridges and keep them in repair, and the power to exercise general control over all roads, highways, ferries, and bridges in their counties. They have the power to levy a tax not to exceed 15 cents on the $100 valuation for roads and bridges. This fund is, of course, for the benefit of all roads and bridges of the county. These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commissioners court of each county shall regard the roads and highways of the county as a system to be laid out, changed, repaired, improved, and maintained, as far as practical, as a whole to the best interests and welfare of all the people of the county. It is clearly contemplated that all roads and bridges of the county

shall be maintained, repaired, and improved when necessary, as the conditions may require, regardless of the precinct in which same may be located, so far as the funds will equitably justify.  This being true, we think that a commissioners court cannot voluntarily disable itself from performance of this general obligation by arbitrarily dividing the road and bridge fund according to some fixed standard, and apportioning same to be expended in a particular precinct, to the detriment of roads and bridges in other precincts."  (103 S.W.2d at 366)

Since it is the duty of the commissioners' court to maintain and repair county roads as a whole, it had the authority to authorize the work outlined in your request, without the consent of the resident commissioner, and charge to the allotment of that precinct the amount of money expended.

## SUMMARY

The commissioners' court has authority to charge to the allotment of the road and bridge fund of one precinct money expended on roads situated in that precinct by a commissioner of another precinct provided such expenditure was authorized by the commissioners' court.  Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363 (1937).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mh

By John Reeves
    John Reeves
    Assistant