

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

February 26, 1953

Hon. Henry Wade
District Attorney
Records Building
Dallas, Texas

Opinion No. S-12

Re: Authority of the commissioners' court to employ
persons to work in each
commissioner's precinct
rather than allowing each
commissioner to select
his precinct employees.

Dear Sir:

You have requested an opinion on the following questions:

"Does the Commissioners' Court employ
and approve by name the persons working in
each Commissioner's precinct, or does it
merely approve the position and allow the
Commissioner of that precinct to employ and
discharge whomever he chooses? . . . We
would also like to know if this would apply
to all elected offices."

Section 4 of the Dallas County Road Law (Chapter 458, Acts 47th Legislature, Regular Session, 1941, page 729, as amended by Chapter 311, Acts 51st Legislature, Regular Session, 1949, page 579) provides in part:

"The Commissioners' Court shall have,
and is hereby given, authority to employ,
and discharge all persons necessary to perform all the provisions of this Act;"

In construing the provisions of Section 4 of the Dallas County Road Law, it is stated in Hill v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App. 1952, error ref. n.r.e.) that the authority placed in the Commissioners' Court is cumulative of the authority already vested in it by Section 18 of Article V of the Constitution of Texas and Article 2351, Vernon's Civil Statutes, for hiring employees relative to county business.

Whenever a power is vested in the Commissioners' Court, the authority must be exercised by the court as a unit and not by the individual commissioners. Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363 (1937); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); Rowan v. Pickett, 237 S.W.2d 734 (Tex.Civ.App. 1951). It is stated in Rowan v. Pickett at page 737:

"That the Commissioners' Court is something more than the individuals composing the body is no longer an open question.

"'By Article 2342 of the Revised Statutes, it is provided that the several commissioners, together with the county judge, shall compose the "commissioners court." Such court is manifestly a unit, and is the agency of the whole county. The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts. The duty of the commissioners court is to transact the business, protect the interests, and promote the welfare of the county as a whole.' Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363, 366.

"And, as stated more recently by the Texas Supreme Court in Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 455; 'Furthermore, the individual commissioners have no authority to bind the county by their separate action.'"

Since the authority to employ persons necessary to carry out the provisions of the Dallas County Road Law is placed in the Commissioners Court of Dallas County, it is our opinion that the individuals must be employed by the Commissioners Court acting as a unit rather than being employed by individual commissioners.

Referring to the portion of your question asking "If this would apply to all elected offices", we assume that you refer to the method of appointment of deputies, assistants, or clerks of district, county, and precinct officers.

The Legislature has consistently provided that the deputies, assistants, or clerks of various districts, county and precinct officers will be appointed by the officer whom the assistant, deputy, or clerk will assist. Articles 324-331b; 3902; 3912e, Sec. 19; 3912e-2; 3912e-4; 3912e-4a; 3912e-4b; 3912e-4c, V.C.S.

In construing the provisions of Article 3902, it is stated in Neeper v. Stewart, 66 S.W.2d 812 (Tex. Civ.App. 1933, error ref.):

"A public policy is thereby manifested in case of county and precinct officers generally to empower such officer to select their deputies or assistants and to forbid the commissioner's court, or any member thereof, from attempting to influence such officers in their selection of assistants. The reason for this policy is obvious. Officers elected to discharge public trusts, and upon whom the responsibility for the proper discharge thereof rests, should be free to select persons of their own choice to assist them in its discharge."

We, therefore, agree with your conclusion that, unless covered by some special statute applicable to a particular office, elected officers other than county commissioners may appoint their own deputies, assistants, or clerks without submitting the names of the appointees to the commissioners' court for approval.

## SUMMARY

Individuals employed pursuant to the provisions of the Dallas County Road Law must be employed by the Commissioners' Court of Dallas County, acting as a unit, rather than being employed by individual commissioners. Elected officers, other than county commissioners, may appoint their own deputies, assistants, or clerks without submitting the names of the appointees to the Commissioners Court for approval.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

By *John Reeves*
John Reeves
Assistant

Robert S. Trotti
First Assistant

*John Ben Shepperd*
Attorney General

JR:am