

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 24, 1955

Honorable Frank R. Nye, Jr.
County Attorney
Starr County
Rio Grande City, Texas

Opinion No. S-157

Re: Several questions
concerning author-
ity of Commission-
ers' Court to hire
Road Commissioner.

Dear Mr. Nye:

You have requested an opinion on the following questions:

"1. Is it lawful for the Commissioners' Court to employ only one Road Commissioner for the whole County, and define his District as 'all of the County'?

"2. May a County Commissioner lawfully hold, at the same time, the offices of County Commissioner and Road Commissioner?

"3. May a County have both a Road Commissioner, when his District encompasses all of the County, and a County Road Superintendent?

"4. May the Auditor lawfully, approve compensation of such a Road Commissioner?

"5. If such a 'County-wide' Road Commissioner's District, is not lawful, may the said Road Commissioner be paid his compensation for acting as Road Commissioner for his Precinct, since his Precinct was included in the 'Road Commissioners District Number One'?

"6. What is the salary of a Road Commissioner?"

The employment of road commissioners is governed by the provisions of Articles 6737-6742, Vernon's Civil Statutes. Canales v. Laughlin, 147 Tex. 169, 214 S.W. 451, 455 (1948). The statutes confer the powers to build and maintain the county roads upon the commissioners' court as a unit and the commissioners' court in discharging its duties must consider the needs of the county as a whole.

Canales v. Laughlin, supra; Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363, 366 (1937). Road commissioners, as provided for under Articles 6737-6742 are limited to a compensation of only two dollars per day. Canales v. Laughlin, supra. Whenever a power is vested in the commissioners' court, the authority must be exercised by the court as a unit and not by individual commissioners. Canales v. Laughlin, supra; Stovall v. Shivers, supra; Rowan v. Rickett, 237 S.W.2d 734 (Tex.Civ.App. 1951). In Guerra v. Rodriguez, 239 S.W.2d 915 (Tex.Civ.App.1951) the court held that the control of county roads was limited to the following methods:

> "Article 2351, Vernon's Ann.Civ. Stats., places general control over all county roads in the Commissioners' Court, but various statutes have provided special methods by which the court may perform or delegate these functions. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 457. (1) It may let the work on contract to independent contractors. Art. 6753, Vernon's Ann. Civ. Stats. (2) It may appoint an overseer for each road precinct and designate all hands liable to work on public roads. Arts. 6718-6736, 6739, 6755. (3) It may employ not more than four road commissioners. Arts. 6737-6742. (4) It may appoint a road superintendent for the county or one for each precinct. Arts. 6743-6761. (5) Provided the county has forty thousand inhabitants, the members of the Commissioners' Court shall be ex-officio road commissioners of their respective precincts. Art. 6762. (6) It may employ a County Road Engineer with broad statutory powers in the event the county by an election determines to adopt the Optional County Road Law of 1947. Art. 6716-1."

In view of the foregoing your questions are answered as follows:

1. It is lawful for the commissioners' court to employ only one Road Commissioner for the whole county and define his District as all of the county. Canales v. Laughlin, supra; Guerra v. Rodriguez, supra.

2. A county commissioner cannot lawfully hold, at the same time, the offices of county commissioner and road commissioner. Article 6742, making members of the

commissioners' court ex-officio road commissioners of their respective precincts, does not apply to Starr County since it does not have a population of 40,000 inhabitants. Guerra v. Rodriguez, supra.

3. The county may have both a Road Commissioner and a County Road Superintendent. Guerra v. Rodriguez, supra.

4. The County Auditor may not approve compensation of a person holding both offices of county commissioner and road commissioner in counties having a population of less than 40,000 inhabitants.

5. Since Starr County has a population of less than 40,000 the county commissioners do not act as road commissioners.

6. Salary of Road Commissioner, under Articles 6739-6742, is two dollars per day. Canales v. Laughlin, supra.

## SUMMARY

The control of county roads by commissioners' court is limited to the following methods: It may let the work on contract to independent contractors; it may appoint an overseer for each road precinct and designate all hands liable to work on public roads; it may employ not more than four road commissioners; it may appoint a road superintendent for the county or one for each precinct; provided the county has forty thousand inhabitants, the members of the Commissioners' Court shall be

ex-officio road commissioners of their respective pre-
cincts; and it may employ a County Road Engineer with
broad statutory powers in the event the county by an
election determines to adopt the Optional County Road
Law of 1947.  Guerra v. Rodriguez, 239 S.W. 2d 915
(Tex.Civ.App.1951).

                                        Yours very truly,

APPROVED:                               JOHN BEN SHEPPERD
                                        Attorney General of Texas

J. C. Davis, Jr.
County Affairs Division

L. P. Lollar                            By  John Reeves
Reviewer                                    John Reeves
                                            Assistant
J. A. Amis, Jr.
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General


JR:zt