**H. C. JANES et al., Appellants,**

v.

**J. E. MORTON et al., Appellees.**

**No. 7411.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 30, 1964.

Rehearing Denied Dec. 28, 1964.

R. H. Munsterman, Levelland, for appellants.

Allison, Mann & Allison, Levelland, for appellees.

DENTON, Chief Justice.

This case involves the allocation of county road and bridge funds to the respective commissioners precincts of Hockley County, Texas. The suit was brought by H. C. Janes, the County Commissioners of Precinct 2, and three others who are residents and taxpayers of that precinct. The defendants, appellees here, were the three other County Commissioners, the County Judge, the County Auditor, and the County Treasurer. Plaintiffs below sought a review of the commissioners court order of August 2, 1963, distributing the road and bridge fund; sought to declare the order invalid, and to enjoin the defendants from carrying out such order. The trial judge, sitting without a jury, denied the relief sought and this appeal was perfected.

The allegations and proof disclosed that on August 2, 1963, the commissioners court

of Hockley County passed an order dividing the road and bridge fund among the four commissioners precincts as follows: Each precinct was allocated twenty-five per cent (25%) of the ad valorem tax money; and the funds received from "highway tax money" and the "lateral road money" to be apportioned to each precinct according to the following percentages: Precinct 1: 27.456%; Precinct 2: 16.553%; Precinct 3: 25.400 %; and Precinct 4: 30.591%. When the total road and bridge fund is considered, the various precincts received the following approximate percentage of the total fund: Precinct 1: 27%; Precinct 2: 19%; Precinct 3: 25%; and Precinct 4: 29%. The road and bridge fund is made up from these three sources.

Appellants' eleven points of error are directed largely to the alleged errors in the trial court's findings of fact and conclusions of law and its failure to make additional requested findings. However, the principal question to be decided is the validity of the commissioners court's order distributing the road and bridge funds. Appellants contend the order is invalid on the grounds the commissioners court acted arbitrarily, and that they failed to exercise any discretion but acted without ascertaining facts upon which to make a proper determination. The authority by which the commissioners court distributes the road and bridge fund is derived from Article 6740, Vernon's Ann. Civ.St. The material portion of that article reads as follows:

"The commissioners court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct."

The record shows the percentage of the taxable property evaluations in the respective precincts for the year of 1963 were as follows: Precinct 1: 14.9%; Precinct 2: 54.6%; Precinct 3: 16.0%; and Precinct 4: 14.3%. There were 315.75 miles of county maintained roads in Precinct 1; 190.95 miles in Precinct 2; 287.10 in Precinct 3; and 351.80 in ·Precinct 4. The precentage of traffic over the county roads was as follows: Precinct 1: 30.46%; Precinct 2: 18.16%; Precinct 3: 24.95%; and Precinct 4: 26.43%. The average age of the precincts' equipment was shown to be 6.1 years for that in Precinct 1; 2.4 years in Precinct 2; 4.9 years in Precinct 3; and 5.9 years in Precinct 4. The record also includes information relative to the traffic count on all county roads, motor fuel used, equipment repairs for certain periods, the number of wet weather lake crossings in the various precincts, and the square miles of area in each precinct.

Appellants contend that the commissioners court order was arbitrary by allocating each precinct twenty-five per cent (25%) of the ad valorem tax money, and that they used no discretion in allocating funds received from automobile registration and gasoline tax funds, and that the allocations of the latter two funds were based solely on percentage of roads within each precinct. As we understand it appellants urge that notwithstanding the August 2, 1963 order recited a number of factors which were considered in making the allocations, the majority of the commissioners court in fact did not consider these factors but decided upon a mathematical formula and allocated the funds to fit such formula. Appellants seem to take the position a commissioners court must study and deliberate the material factors in open sessions before making an order distributing the road and bridge fund. We know of no such rule of law making such a requirement. In considering a similar contention, the Dallas Court of Civil Appeals in Garland v. Sanders, 114 S.W.2d 302 (Writ Dismissed), held:

"No particular procedure is prescribed for the commissioners' court to follow in ascertaining the condition

and necessities of the roads and bridges in the county. They are at liberty to pursue their own method, and it is entirely beyond the province of the courts to control their discretion in this respect, or to determine how the road and bridge fund shall be expended; this, too, being a matter within the peculiar province of the commissioners' court, free from interference by the courts so long as the action of the commissioners' court is not arbitrary, or taken without having given due consideration to the conditions and necessities of the roads of the county."

A review of the record reveals a long-standing division of thought by the commissioners as to the proper division of the road and bridge fund. Ill feeings were exhibited by the various commissioners on previous discussions of the subject. It is not disputed that the County Judge and appellant Janes left the commissioners court session during the discussion which later resulted in the passage of the order in question. Although different explanations were given as to why the two decided to leave the discussion, it is relevant only in that it indicates the tension that had existed over a period of time. Such a state of affairs is unfortunate but is not material to a disposition of this case.

The leading case interpreting Article 6740 is Stovall v. Shivers (Tex.Civ.App.) 129 Tex. 256, 103 S.W.2d 363 (Opinion Adopted). The court used the following language:

"That article requires that the road and bridge funds of all counties shall be judiciously and equitably expended. It further requires that such funds shall, as nearly as the condition and necessity of the roads will permit, be expended in each commissioners precinct in proportion to the amount collected in such precinct. The dominant purpose of this statute seems to be to require that the road and bridge fund shall be expended in each commission-ers precinct in proportion to the amount collected therein. In this regard, the statute means that each precinct shall prima facie be entitled to its own funds, and in the absence of any reasons to the contrary they should be so divided and expended. *However, the duty to expend the funds in the proportion above mentioned is not an absolutely inflexible one. This is evident from the fact that the dominant purpose of the statute is qualified to the extent that the court by clear implication is given the right to expend the road and bridge fund in a proportion other than in the proportion in which they are collected when the conditions of the roads in the respective precincts creates a necessity so to do.* We think, however, that the requirement to expend the fund in the proportion mentioned cannot be avoided except in cases or conditions of necessity. Of course, the commissioners court has the right to exercise its sound judgment in determining the necessity, but it cannot act arbitrarily in regard to such matter." (Emphasis added)

There the court held the commissioners court acted arbitrarily when it divided the road and bridge fund equally among the four precincts, even though Precinct 1 paid 73% of the taxes collected for the road and bridge fund. Precinct 1 had as much traffic as all other county roads in the county; Precinct 1 had as many creeks and rivers and lowlands as the other three precincts combined; and the same precinct had a predominance of heavy truck traffic as the result of a large oil field within the precinct. These and other stated conditions strongly favored a larger share of the road and bridge fund should be allocated to that precinct. In our opinion the facts and conditions of the present case are clearly distinguishable from the Stovall case.

The ultimate question to be decided here is whether or not the commis-

sioners court order judiciously and equitably expended the road and bridge fund by considering the conditions and needs of the roads together with the proportional amount each precinct had collected. Even though the predominate purpose of Article 6740 seems to require that such fund shall be expended in each commissioners precinct in proportion to the amount collected therein, the duty is not "an absolutely inflexible one." Stovall v. Shivers, supra. Allocations in proportion to the amount collected from each precinct is required if the need and conditions of the roads do not warrant a departure from such method of allocation. The Stovall case is also clear in its holding that the commissioners court has the right to exercise its sound judgment in determining this necessity even though it cannot act arbitrarily in making such a decision.

If the commissioners court's order reflected it acted arbitrarily without exercising any discretion or clearly abusing its discretion, the trial court has the power to review and prevent its enforcement. Article 5, Section 8 of the Constitution, Vernon's Ann.St.; Article 1908, V.A.C.S.; Alley v. Jones (Tex.Civ.App.) 311 S.W.2d 717 (Refused, NRE). The court has no authority to enter an order allocating the funds. This is the sole duty of the commissioners court. In addition to the above-mentioned events relative to the taxable property evaluations, tax money paid, miles of road in each precinct, percentage of traffic, general condition of the roads, average age of each precincts' equipment, size of the precincts, and wet weather lake crossings, the record contained testimony of other factors taken into consideration by the commissioners who approved the allocations. In spite of the allegations and inferences found in this record to the contrary, the three commissioners who are appellees here positively testified that these conditions outlined above were considered by them in passing the order under consideration. There is further evidence the individual commissioners had considered various factors and conditions pertaining to this order over a period of several months. After reviewing the record we are of the opinion, and so hold, the order of August 2, 1963, was not arbitrarily passed without regard to the needs and requirements of the roads and bridges of the several precincts of Hockley County. We think the action of the commissioners court was supported by substantial evidence. Under this record we cannot say the majority of the commissioners court failed to exercise its sound judgment in reviewing the conditions of the county prior to the making of the allocations of the fund to the respective precincts. We conclude the trial court's findings and conclusions which form the basis for the judgment entered were supported by the evidence.

Appellants further contend the trial court erred in refusing to make some 43 additional findings and conclusions. The requested findings are either evidentiary, not ultimate or controlling, or in conflict with the findings made by the trial court. The trial court's refusal to make the requested findings does not constitute reversible error since such findings were disposed of directly or indirectly by the findings filed by the court. Wentz v. Hancock (Tex.Civ. App.) 236 S.W.2d 175 (Error refused); Hoyt v. Geist (Tex.Civ.App.) 364 S.W.2d 461.

We have considered all points of error brought forward and all points not specifically discussed are overruled. The judgment of the trial court is affirmed.

CHAPMAN, J., not sitting.