

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 20, 1970

Honorable Harvey Davis                Opinion No. M-633
Executive Director
Texas State Soil and                  Re:  Authority of County
  Water Conservation Board            Commissioners to authorize
1018 First National Building          flooding of public roads,
Temple, Texas   76501                 and related questions.

Dear Mr. Davis:

      In your recent letter you have described briefly
the role of the Board in implementing the construction, with
federal aid, of small flood control projects, and have ad-
vised us as follows:

      "There are occasions when it is desirable
  to construct flood control structures in locations
  which will temporarily inundate a road or highway
  during periods of heavy rainfall.  It has been
  customary for counties to grant permission for
  county roads to be temporarily inundated where
  alternate roads are available and where flooding
  is rare.  This seems to be the practical situation
  in many cases rather than permanently closing a
  road or raising a road.

      "The Office of the General Counsel of the
  United States Department of Agriculture has
  raised a question as to the authority of the
  Commissioners Courts to temporarily close a
  road or to give permission to some other politi-
  cal subdivisions sponsoring flood control programs
  to inundate roads which by necessity would
  temporarily close the road.  Therefore, we
  request an opinion from your office of the
  following questions:

      "1.  Do the County Commissioners have the
  authority under the laws of the State of
  Texas to grant either to the County or other
  political subdivisions of the State the right

-3029-

or permission to flood a road within their
jurisdiction thereby temporarily closing the
road.

"2. If your answer to question No. 1 is af-
firmative, what is the proper procedure for the
County Commissioners to grant such right or per-
mission to flood a road?"

Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d, 451,
453 (1948) is authority for the holding that the commissioners
courts have a broad discretion in exercising constitutionally
or statutorily conferred powers and the question to be con-
sidered is whether a particular power is conferred upon such
courts either "expressly or by necessary implication."

In accord, Rowan v. Pickett, 237 S.W.2d 734 (Tex.Civ.
App. 1951, no writ); Prichard & Abbott v. McKenna, 350 S.W.2d
333, 334 (Tex.Sup. 1961); Attorney General Opinion No. M-605
(1970).

In Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084
(1941), the Supreme Court held that:

"Where a right is conferred or obligation
imposed on said court, it has implied authority
to exercise a broad discretion to accomplish
the purposes intended."

The Court said in Stoval v. Shivers, 129 Tex. 256,
103 S.W.2d 363 (1937) that:

"The duty of the commissioners court is to
transact the business, protect the interest, and
promote the welfare of the county as a whole."

In Parkey v. Archer County, 61 S.W.2d 175 (Tex.Civ.
App. 1933, error refused), the Court said that the commissioners
court may,

"upon their initiative, order the laying
out and opening of public roads when necessary
and discontinue all or any roads when it shall
be deemed expedient," citing authorities.
(Emphasis added.)

In 40 C.J.S. 213, Highways, Section 218, we find the following statement of the general rule:

"Not every obstruction to the use of a highway is illegal. Public highways are subject to such incidental or partial obstructions as necessity requires provided they do not unreasonably interfere with the rights of the public and are not unduly prolonged."

The cases cited for this statement dealt with obstructions brought about by non-governmental entities, but the same reasoning should equally apply to an obstruction by a governmental entity clothed with general authority to discontinue highways and with general control over them.

The reply to your question then turns on whether statutory authority, properly construed, permits the commissioners court to allow the occasional flooding of a county road in such a manner as to render it temporarily impassable.

Article 2351, paragraph 3, Vernon's Civil Statutes, is a general grant of authority and authorizes the commissioners court to

"Lay out and establish, change and discontinue public roads and highways;"

and under paragraph 6 of the same article the court is empowered to

"Exercise general control over all roads, highways, ferries and bridges in their counties."

Article 6703, Vernon's Civil Statutes, reads, in part, as follows:

"The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. No public roads shall be altered or changed except to shorten the distance from end to end, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; and said

> change shall be by unanimous consent of all the
> commissioners elected. No part of a public road
> shall be discontinued until a new road is first
> built connecting the parts not discontinued; and
> no entire first or second class road shall be dis-
> continued except upon vacation or non-use for a
> period of three years." (Emphasis added.)

We are of the opinion that in the light of the cases
and statutes herein discussed there is statutory authority
for the commissioners court to discontinue temporarily part
of a public road, provided the applicable requirements of
Article 6703 are met, and that the court's discretionary
power under said cases and statutes is broad enough that the
court may, by unanimous consent, elect to allow the temporary
flooding of a county road and the resultant temporary dis-
continuance of that road if, but only if, the court finds that
the public interest will be better served, and only if the
court provides and maintains a suitable alternate road. Other-
wise, the county commissioners, would have no authority to flood
a road within their jurisdiction, temporarily closing the road
without providing an alternative road.

Your second question inquires about the procedure
to be followed in granting authority for the temporary flood-
ing. In answer thereto, you are advised that the entry of
the commissioners court order, granting such authority, in
the Minutes of the Court, should suffice.

Your third and fourth questions concern purely
hypothetical questions on which this office normally expresses
no opinion.

### S U M M A R Y

The commissioners court may, by unanimous
consent, elect to allow the temporary flooding
of a county road and the resultant temporary
discontinuance of that road if the court follows
the applicable provisions of Article 6703 and
finds that the public interest will be better
served thereby and provides and maintains a suit-
able alternate road.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Sam Jones
Austin Bray
Gordon Cass
Dyer Moore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant