

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 21, 1974

The Honorable James H. Whitcomb
County Attorney
P. O. Box 867
Columbus, Texas 78934

Dear Mr. Whitcomb:

Opinion No. H- 428

Re: Whether residents of a
commissioners precinct
have a vested interest in
funds assigned to that
precinct.

You have informed us that commissioners precinct lines in Colorado
County have been redrawn to equalize the population in each precinct. One
result of this redistricting was the transfer of a substantial number of resi-
dents from Precinct One to Precinct Three. You ask if these persons
"have any vested rights in the balances of the various funds of Precinct
No. One, including its Road and Bridge Fund?"

The fund in which you are primarily interested, the Road and Bridge
Fund, has been the subject of litigation in relation to its distribution
among precincts. That fund consists of ad valorem tax revenues (TEX.
CONST. art. 8, sec. 9) and motor vehicle registration fees (V. T. C. S.
art. 6675a-10).

V. T. C. S. article 6740, which relates to the distribution of the Road
and Bridge Fund, provides, in part:

> The commissioners court shall see that the
> road and bridge fund of their county is judiciously
> and equitably expended on the roads and bridges
> of their county, and, as nearly as the condition
> and necessity of the roads will permit, it shall
> be expended in each county commissioners pre-
> cinct in proportion to the amount collected in such
> precinct. . . .

However, there is no vested right to have any certain distribution of the funds among precincts.  This issue was decided by the Texas Supreme Court in Stovall v. Shivers, 103 S. W. 2d 363 (Tex. 1937), where it was said:

> It will be observed that the article in question provides that the road and bridge fund shall be judiciously and equitably expended on the roads and bridges of the county, and, as nearly as the condition and necessity of the roads will permit, shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct.  In our opinion, there is obviously nothing in this article which compels the commissioners court to divide the road and bridge fund according to any fixed mathematical formula, and apportion same in advance for the purpose of being expended in any given precinct.  The use of the word 'expended' to our minds clearly suggests that said funds shall be apportioned and paid out from time to time as the necessity for their use arises in the ordinary administration of the county affairs.  By article 2342 of the Revised Statutes, it is provided that the several commissioners, together with the county judge, shall compose the 'commissioners court.'  Such court is manifestly a unit, and is the agency of the whole county.  The respective members of the commissioners court are therefore primarily representatives of the whole county, and not merely representatives of their respective precincts.  The duty of the commissioners court is to transact the business, protect the interests, and promote the welfare of the county as a whole. . . . This fund is, of course, for the benefit of all roads and bridges of the county.  These provisions of the law, as well as others which might be mentioned, clearly contemplate that the commissioners court of each county shall regard the roads and

> highways of the county as a system, to be laid
> out, changed, repaired, improved, and main-
> tained, as far as practical, as a whole to the
> best interests and welfare of all the people of
> the county. It is clearly contemplated that all
> roads and bridges of the county shall be main-
> tained, repaired, and improved when neces-
> sary, as the conditions may require, regardless
> of the precinct in which same may be located,
> so far as the funds will equitably justify. This
> being true, we think that a commissioners
> court cannot voluntarily disable itself from
> performance of this general obligation by arbi-
> trarily dividing the road and bridge fund accor-
> ding to some fixed standard, and apportioning
> same to be expended in a particular precinct,
> to the detriment of roads and bridges in other
> precincts. 103 S. W. 2d at 366-67.

See also, Janes v. Morton, 385 S. W. 2d 702 (Tex. Civ. App. --Amarillo 1964, writ ref'd. n. r. e. ); Alley v. Jones, 311 S. W. 2d 717 (Tex. Civ. App. --Beaumont 1958, writ ref'd. n. r. e. ); Garland v. Sanders, 114 S. W. 2d 302 (Tex. Civ. App. --Dallas 1938, writ dism'd); Attorney General Opinion O-1091 (1939).

Those road and bridge funds consisting of automobile registration fees are not subject to the requirements of article 6740. They are governed by article 6675a-10 and are to be expended in a manner which will give the county a uniform system of roads without reference to precinct lines. Stovall v. Shivers, supra; Attorney General Opinion V-566 (1948); Attorney General Opinion O-4548 (1942); Attorney General Opinion O-3358 (1941).

Furthermore, there is no longer a constitutional prohibition against transferring surplus road and bridge funds to the general fund. TEX. CONST. art. 8, sec. 9; Attorney General Opinion H-194 (1974).

Some road and bridge funds are not required to be apportioned among precincts; the remaining funds are not required to be apportioned by a static formula. In addition, road and bridge funds may be transferred to the general fund. It is therefore our opinion that residents of a particular precinct have no

The Honorable James H. Whitcomb, page 4   (H-428)


vested right in funds collected from or apportioned to that precinct.   We believe that the language in Stovall describing the county-wide responsibility of the commissioners court would also preclude a conclusion that residents of a precinct had vested interest in any other fund.

S U M M A R Y

Residents of a commissioners precinct who,
through redistricting, are shifted to another pre-
cinct have no vested interest in the funds assigned
to their former precinct.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee