ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/27/2015 1:23:50 PM
CHRISTOPHER PRINE
CLERK

MARK W. STEVENS

ATTORNEY AT LAW

P.O. BOX 8118

GALVESTON, TEXAS 77553

409.765.6306

Fax 409.765.6469

Email: markwandstev@sbcglobal.net

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/27/2015 1:23:50 PM

CHRISTOPHER A. PRINE
Clerk

October 27, 2015

Hon. Christopher A. Prine, Clerk

First Court of Appeals

301 Fannin Street, Suite 245

Houston, Texas 77002

Re: No. 01-15-00583-CV; Henry v. Cox

### Reply of Appellee Hon. Lonnie Cox to the Post-Submission Letter Brief of Appellant Hon. Mark Henry

Dear Sir:

Please circulate copies of this letter to the members of the October 15 panel,

i.e., Justices Jennings, Higley and Brown, and the appropriate members of the

Court's Staff.

#### Jurisdiction under Art.. V, Sec. 8 Properly Invoked

Appellant Henry attacks the jurisdiction by reciting a truncated test:

"arbitrarily and capriciously."  Post Submission Letter Brief, p. 5.  Appellant

omitted a crucial word: **"illegally."**  The "supervisory control" of the District

1

Courts clearly extends to situations in which the commissioners court acts

**illegally**, arbitrarily or capriciously. *Texas Department of Transportation v.*

*Miranda,* 133 S.W.3d 217, 226 (Tex. 2004)*; Avery v. Midland County*, 406 S.W.2d

422, 428 (Tex. 1966); *Stovall v. Shivers,* 103 S.W.2d 363 (Tex. 1937).

At oral argument, Appellant's counsel made a stunning claim of raw power.

Asked  if a commissioner's court might retaliate against an unpopular ruling but

cutting the salary of staff of the offending judge, Counsel for Appellant  replied

that it could do so even though it might not be "fair" or "moral."  But it might

indeed be an "offense", e.g., abuse of office, official oppression, etc.

## Judicial Independence

The Temporary Injunction makes repeated reference to what is really at

stake in this case—the independence of the judiciary.  That independence

ultimately is a matter of public perception, i.e., whether the public can be confident

that judges are truly independent of improper influence.  *Aetna Life Insurance Co.*

*v. Lavoie*, 475 U.S. 817 (1986)(state supreme court judge recused due to

perception  of personal interest in legal issue before his court);  *Caperton v. A.T.*

*Massey Coal Co., Inc.* 129 S.Ct. 2252, 2259 (2009)(disqualification of State

Supreme Court Justice due to extraordinary expenditures by chief officer of a

litigant in his court).

## Unfinished Business: Instructions on Remand

The Court has apparently carried with the case Appellee's earlier requests that this case be remanded under TRAPs 29.3 and 29.4 for appropriate hearings. Appellee now repeats those requests, with urgency. It has been approximately 15 months since Ms. Quiroga was ostensibly fired. As the Court was informed in response to questions on October 15, Ms. Quiroga has worked at the direction of the Judges since June 8 but has been denied pay, computer access, etc. Such defiance and delay itself raises serious questions about the independence of the judiciary in Galveston County. Appellee urges the Court to refer this case to the trial court with instructions to proceed under TRAPs 29.3 and 29.4 on a priority basis.

## Throwing The Skunk Onto the Appellate Bench

Not content with trying his case in the press or media with misleading accusation, Appellant Henry attempts to sling that material—clearly *dehors* the record—onto the appellate bench in his various briefs. Beginning at p. 1 of his Post Submission Letter Brief, Appellant completes a deliberate sequence of inappropriate actions. The Channel Two sound bite cited was, of course, no part of the record below, because it emerged weeks after the July 6 Temporary Injunction issued. If one were to consult that "news" piece, they would quickly see that it was generated by the Commissioners themselves, one of whom appears in it. The trial

court will have ample opportunity to hear such accusations, if indeed they are even relevant to the deciding legal issues in this case.

Appellee Cox will leave it to this honorable court to characterize, or charitably disregard, such maneuvers.

Conclusion—Temporary Injunction Should be Upheld
Under Applicable Standard of Review

This interlocutory appeal does not place in issue—Appellant has attempted—the job performance of the Director. As the panel observed during oral argument and as the cases amply demonstrate, in the absence of such conclusive proof there is no alternative but to affirm the Temporary Injunction and remand for further proceedings—and to do so promptly lest time, delay and attrition give to Appellant what the law and this Court cannot--- improper dominance of the justice courts.

Respectfully submitted,
*/s/ Mark W. Stevens*
Mark W. Stevens
TBN 19184300
P. Box 8118
Galveston, Texas 77553
409.765.6306
Fax 409.765.6459
Email: markwandstev@sbcglobal.net
Counsel for The Hon.
Lonnie Cox of the 56th Judicial District Court, Appellee

## Certificate of Compliance

The foregoing instrument in relevant parts contains 642   words in Times New Roman Type, with 2.0 spacing .

*/s/ Mark W. Stevens*
Mark W. Stevens

## Certificate of Service

The foregoing was efiled and e-mailed PDF to Mr. Edward Friedman on October 27, 2015 at efriedman@bakerlaw.com, and also to James P. Allison (j.allison@allison-bass.com) ; J. Eric Magee (e.magee@allison-bass.com); and Phillip Ledbetter (p.ledbetter@allison-bass.com) and N. Terry Adams, Jr. at the firm of Beirne Maynard Parsons LLP (tadams@bpmllp.com) .  An additional copy of this instrument has been served via email to Mr. Joseph M. Nixon at the firm of Bierne, Maynard & Parsons (jnixon@bpmllp.com) and to James P. Allison at j.allison@allison-bass.com.

A further copy is also being served upon Mr. John B. Dahill via facsimile 512.47**6**.5122 this date, per the corrected fax number given by Mr. Dahill's Office.

*/s/ Mark W. Stevens*
Mark W. Stevens