STARR COUNTY, Texas, Appellant,

v.

J. C. GUERRA, Appellee.

No. 13044.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 5, 1956.

**380**

Gerald Weatherly, Laredo, for appellant.

Sawnie B. Smith, Edinburg, for appellee.

POPE, Justice.

The question is whether a County Commissioner may be appointed Road Commissioner for the entire county and receive pay as permitted by Article 2350(6), Vernon's Ann.Civ.Stats. The County Auditor, J. C. Guerra, refused to countersign the warrants to pay Efrain A. Duran as Road Commissioner, and in a suit brought by Starr County to compel Guerra to sign the warrants, the trial court ruled that Guerra, the Auditor, correctly refused to countersign these warrants.

■ Duran was the duly elected and acting County Commissioner of Precinct No. 1, Starr County. During January, 1955, the Commissioners' Court of Starr County adopted an order designating the entire county as Road Commissioner District Number One, and authorized the employment of a road commissioner at a salary as provided by law. The Court then appointed County Commissioner Duran as the Road Commissioner for the district which extended to the entire county. The auditor in refusing to sign the warrants contended that the appointment of a coun-

ty commissioner as road commissioner was invalid. We agree.

■ Commissioners' Courts may exercise only such powers as the Constitution or the Statutes have specifically conferred upon them. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453. We find only two statutes which authorize road commissioners. They are Articles 6737 and 6762, Vernon's Ann.Civ.Stats. Unless Duran falls within the terms of one of them he was not properly appointed road commissioner and was not entitled to receive the funds provided by Article 2350(6).

■ Article 6737 empowers the Commissioners' Court to employ not more than four road commissioners. The statute also fixes the compensation for the road commissioners. Duran can not avail himself of employment by force of that statute. The Commissioners' Court may employ road commissioners, but they may not employ any of the members of the court. To do so is contrary to the policy of the law and the oath each commissioner must take. Arts. 2340, Vernon's Ann.Civ.Stats.; Art. 373, Vernon's Ann.Penal Code; Knippa v. Stewart Iron Works, Tex.Civ.App., 66 S.W. 322, 324; Cornutt v. Clay County, Tex.Civ.App., 75 S.W.2d 299.

■ Article 6762 designates the members of the Commissioners' Court as ex-officio road commissioners in counties having as many as forty thousand inhabitants. Duran can not bring himself within that article and qualify as an ex-officio road commissioner, since Starr County falls below the statutory population bracket. It follows, therefore, that Duran has not been lawfully employed as Road Commissioner and is not entitled to receive the salary provided for that employment by Article 2350(6).

The judgment is affirmed.