OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 3, 1999

The Honorable James Warren Smith, Jr.  Opinion No. JC-0061
Frio County Attorney
500 East San Antonio Street, Box 1    Re: Whether a county commissioner may be paid by
Pearsall, Texas 78061-3100            the county for driving an ambulance for the county
                                      emergency medical services department (RQ-1193)

Dear Mr. Smith:

You ask whether a county commissioner may be paid by the county for driving an ambulance for the county emergency medical services ("EMS") department. We conclude that Local Government Code section 81.002 precludes a county commissioner from receiving such payments.

You provide the following facts: Drivers for the county EMS department, including the commissioner at issue, are paid on a "run-by-run" basis. They receive $10.00 for an "in-county run" and $40.00 for an "out-of-county run," and they are also covered by the county's workers' compensation program. We understand from your letters that the EMS department is a department of the county, rather than a separate political entity such as an emergency services district. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. ch. 776 (Vernon 1992 & Supp. 1999) (providing for emergency services districts in counties with populations less than 125,000). The county's EMS director is hired by the commissioners court. The EMS director supervises the EMS department personnel, including the ambulance drivers. The commissioners court sets the salary of the EMS director and the EMS department budget. EMS drivers are paid from funds allocated to the EMS department in the county budget. Based on the information you have provided, we assume that drivers for the county EMS department are paid by the county with county funds.

Although your letter's description of the legal status of ambulance drivers' relationship with the county is somewhat ambiguous, based on the information you have provided we believe that the relationship comes closest to an employment contract. While you describe the commissioner as a volunteer EMS driver, you also inform us that the drivers are paid by the county and supervised by the county EMS director. Generally, a volunteer is a person who serves with no promise of remuneration. *See* Tex. Att'y Gen. Op. No. DM-409 (1996) at 5-6. That is not the case here. In addition, we note that a person is an employee, rather than an independent contractor, if the employer has the right to control details of the work. *See generally* Tex. Att'y Gen. Op. No. JM-525 (1986) at 4-5. Based on your statements that the work of the EMS drivers is supervised by the EMS director, it appears that the work of ambulance drivers is controlled by the county and that they are employees rather than independent contractors.

You ask whether the commissioner is precluded from being compensated by the county as an EMS driver by the oath of office set forth in section 81.002 of the Local Government Code, which provides in pertinent part:

> (a) Before undertaking the duties of the county judge or a county commissioner, a person must take the official oath and swear in writing that the person will not be interested, directly or indirectly, in a contract with or claim against the county except:
>
> > (1) a contract or claim expressly authorized by law; or
> >
> > (2) a warrant issued to the judge or commissioner as a fee of office.

TEX. LOC. GOV'T CODE ANN. § 81.002 (Vernon 1988). Section 81.002 states a strict rule against conflicts of interest. It has been partially repealed by Local Government Code chapter 171, *see infra*, but prior to the partial repeal, it barred county commissioners from having any interest, no matter how small, in a contract with the county. *See* Tex. Att'y Gen. Op. No. H-624 (1975) (county barred from contracting with a farmers' cooperative in which one commissioner owned a share). This oath of office has been construed to extend to employment contracts and thus precludes a commissioners court from employing its own members. *See Starr County v. Guerra*, 297 S.W.2d 379, 380 (Tex. Civ. App.–San Antonio 1956, no writ).

Chapter 171 now permits a commissioners court to enter into a contract in which a commissioner is interested if the contract falls within the ambit of that chapter. As this office has explained

> chapter 171 and section 81.002 may be correctly harmonized by reading chapter 171 to authorize a county to enter into contracts or take actions in which a member of the commissioners court is pecuniarily interested to the same extent that other local governmental bodies may take such actions. Thus, if a county commissioner or county judge has a substantial interest in a business entity that will be subject to a vote or decision by the commissioners court, he must file the affidavit required by section 171.004 and abstain from participation in a matter if "action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public." Local Gov't Code § 171.004. If his interest in a business entity is less than a substantial interest, the interested member of the commissioners court may participate in an action affecting the business entity. Chapter 171 creates an exception in the oath required by section 81.002 to the extent that it permits a county judge or county commissioner to have

> a direct or indirect interest in a contract with or claim against the county.

Tex. Att'y Gen. Op. No. DM-279 (1993) at 4.

Again, the oath of office provision precludes a commissioners court from employing its own members because a county employee is "interested, directly or indirectly, in a contract with or claim against the county." TEX. LOC. GOV'T CODE ANN. § 81.02(a) (Vernon 1988); *Starr County*, 297 S.W.2d at 380. Based on the information you have provided, it appears that ambulance drivers, who are employed by the county and paid with county funds, have an interest in a contract or claim against the county.

We do not believe that chapter 171 repeals the oath of office provision in the circumstances you describe. Chapter 171 governs public officers' interests in "real property," which is not relevant here, and "business entities." *See* TEX. LOC. GOV'T CODE ANN. § 171.004 (Vernon Supp. 1999) (requiring local public official to file affidavit and abstain from any vote affecting business entity or real property in which official has "a substantial interest"). Local Government Code section 171.001(2) defines the term "business entity" to mean "a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." *Id.* (Vernon 1988). As this office has previously stated, the phrase "other entity recognized by law" in section 171.001(2) "should be read to refer to private entities organized in a form authorized or recognized by the legislature to carry out purposes similar to the purposes" of the listed entities. Tex. Att'y Gen. Op. No. JM-852 (1988) at 4. While this office has concluded that an attorney's law practice, a sole proprietorship, falls within this definition, *see* Tex. Att'y Gen. LO-94-055, at 4, it has never extended this definition to include a person who is not acting in the capacity of a business or as an independent contractor. The commissioner, in his capacity as ambulance driver for the county EMS department, is clearly not operating as a business entity, nor, you inform us, is he acting as an independent contractor. The county, like other political subdivisions, is not itself a business entity within the meaning of chapter 171. *See* Tex. Att'y Gen. Op. Nos. DM-267 (1993) (city not "business entity" within meaning of Local Government Code chapter 171), JM-852 (1988) (state university not "business entity" within meaning of Local Government Code chapter 171). Again, based on the information you have provided, it appears that an ambulance driver is a county employee. We do not believe that chapter 171 is intended to permit employment contracts between members of a governing body and the political subdivision they govern.[1]

In sum, section 81.002 precludes a county commissioner from having an employment relationship with the county. Chapter 171 does not repeal the oath of office provision with respect to employment relationships with the county. We are not aware of any other statutory provision that

---

[1] *But see* 35 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 18.37 (Texas Practice 1989) (suggesting that definition of "business entity" includes "an individual selling property or contracting in his own name").

would repeal the section 81.002 in the circumstances at issue here.[2] For this reason, we believe that the county commissioner's oath of office precludes the commissioner from receiving the payments you describe.

You also ask whether the commissioner can avoid the effect of section 81.002 by recusing himself from any vote affecting the county EMS department. He cannot. The section 81.002 oath of office incorporates the strict common-law prohibition against conflicts of interest. *See Bexar County v. Wentworth*, 378 S.W.2d 126 (Tex. Civ. App.–San Antonio 1964, writ ref'd n.r.e.). Under the common law, a public officer cannot avoid a conflict of interest by recusing himself. *Delta Elec. Constr. Co. v. City of San Antonio*, 437 S.W.2d 602, 608-09 (Tex. Civ. App.–San Antonio 1969, writ ref'd n.r.e.). Given that the statutory oath of office incorporates the common law, we conclude that a public officer cannot avoid a conflict of interest under section 81.02 by recusing himself.

Given our conclusion that Local Government Code section 81.002 precludes the arrangement you describe, we need not address whether the arrangement violates the doctrine of common-law incompatibility prohibition against self-employment. Nor do we address whether workers' compensation coverage alone would create an interest in a contract or claim against the county in violation of section 81.002. *See generally* TEX. LAB. CODE ANN. § 504.012(a) (Vernon 1996) (authorizing political subdivision to provide workers' compensation for volunteer emergency medical personnel).

---

[2] For a discussion of other enactments that repeal section 81.002 by implication, *see* Tex. Att'y Gen. Op. No. DM-279 (1993) at 6.

## S U M M A R Y

Local Government Code section 81.002 precludes a county commissioner from receiving payments from the county for driving an ambulance for the county emergency medical services department.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General