

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

January 19, 2005

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
1450 East McKinney, Suite 3100
Post Office Box 2850
Denton, Texas 76202

Opinion No. GA-0295

Re: Operation of the ex officio road commissioner system and allocation of road and bridge funds in Denton County (RQ-0254-GA)

Dear Mr. Isaacks:

You seek advice about the ex officio road commissioner system of county road and bridge administration as it has been implemented in Denton County.[1] *See* TEX. TRANSP. CODE ANN. ch. 252, subch. A (Vernon 1999) (Ex Officio Road Commissioner System). Transportation Code chapter 252, subchapter A authorizes a county road administration system in which each county commissioner is the ex officio road commissioner of his precinct. *See id.* § 252.003.

## I.    Facts

Prior to October 1, 2003, Denton County administered its roads and bridges as a single county-wide system under the road superintendent system authorized by chapter 252, subchapter C.[2] *See id.* §§ 252.201-.216. A single road superintendent appointed by the commissioners court had general supervision over the county's roads, subject to the court's orders. *See id.* §§ 252.203; .205(a). All requests for road work in the county were made to the road superintendent, and no work crew was assigned to an individual county commissioner precinct. *See* Request Letter, *supra* note 1, at 2.

Effective October 1, 2003, Denton County adopted the ex officio road commissioner system authorized by chapter 252, subchapter A. *See id.*; TEX. TRANSP. CODE ANN. §§ 252.001-.006 (Vernon 1999). At that date, each county commissioner became the ex officio road commissioner for his county commissioner's precinct. *See* TEX. TRANSP. CODE ANN. § 252.003 (Vernon 1999). Information you provide about county roads in the unincorporated areas of Denton County, excluding interstate highways, state highways, farm to market roads, and city streets, shows significant variations in county road mileage among the four precincts. *See* Request Letter, *supra*

---

[1]Letter from Honorable Bruce Isaacks, Criminal District Attorney, Denton County, to Honorable Greg Abbott, Texas Attorney General (July 30, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*Id.* at 1.

note 1, at 2-3. Over 60 percent of the mileage is located in precinct one and almost 39 percent of the mileage in precinct four, while precincts two and three combined have less than one percent of the county road mileage. *See id.* at 2. Denton County has divided its centralized road crew into two groups, locating them at facilities in precinct one and precinct four. *Id.* at 3. No work crew is located in either precinct two or three, but the ex officio road commissioner in precinct two is to have road work performed by the road crew in precinct one, and the precinct three commissioner by the road crew in precinct four. *See id.*

The Denton County road and bridge fund is comprised 95 percent of motor vehicle registration fees, while 5 percent derives from other revenue sources, such as the farm to market road tax and flood control tax. *Id. See* TEX. TRANSP. CODE ANN. §§ 502.102 (Vernon Supp. 2004-05) (disposition of vehicle registration fees); 502.108 (Vernon 1999) (use of registration fees retained by county). *See also id.* § 502.172 (Vernon 1999) (optional vehicle registration fee for county road and bridge fund). The county budget for fiscal year 2004 allocated the county road and bridge fund by "distributing 95% of all road material funds to Precincts 1 and 4 with Precincts 3 and [2] receiving 5% of such material funds" and distributing all other road and bridge funds equally among the precincts, each receiving 25 percent of the remaining funds. *See* Request Letter, *supra* note 1, at 3. The budget for fiscal year 2005 allocated all road and bridge funds to the precincts based on the mileage and historical expenditures for the past five years. *See id.* at 4. Road and bridge funds, without distinguishing between materials cost and other budget items, were allocated for fiscal year 2005 as follows:

| | |
|---|---|
| Precinct One | 54% |
| Precinct Two | 2% |
| Precinct Three | 1% |
| Precinct Four | 43% |

*Id.* at 4.

## II.    Law

Transportation Code chapter 251 sets out the commissioners court's general authority over roads while chapter 252 provides for optional systems of road administration that a county may adopt. *See* TEX. TRANSP. CODE ANN. chs. 251, 252 (Vernon 1999 & Supp. 2004-05). Transportation Code chapter 252, subchapter A authorizes the commissioners court to adopt the ex officio road system, under which each county commissioner is the ex officio road commissioner of his precinct. *See id.* §§ 252.001(a), .003 (Vernon 1999). *See also id.* § 252.002 (subchapter A controls over conflicting general laws relating to roads). Before assuming the duties of an ex officio road commissioner, a county commissioner must execute a bond conditioned on the individual's performing "the duties required of the ex officio road commissioner by law or by the commissioners court" and accounting for money or other county property coming into his possession. *Id.* § 252.004(a). The commissioners court "shall adopt a system for laying out, working on, draining,

and repairing the public roads." *Id.* § 252.005(a). The commissioners court may also "purchase vehicles, tools, and machinery necessary for working on public roads and may construct, grade, or otherwise improve a road or bridge by contract in the manner provided by Section 252.213." *Id.* § 252.005(b). *See id.* § 252.213 (procedures for road work contract). *See also id.* § 251.006 (commissioners court may obtain material necessary to construct, repair, or maintain public roads).

As a general matter, the ex officio road commissioner exercises certain powers and duties independently within his precinct, and others subject to the commissioners court's authority. Under the commissioners court's direction, "an ex officio road commissioner is responsible for the vehicles, tools, and machinery belonging to the county and placed in the commissioner's control by the court." *Id.* § 252.006(a). "[A]n ex officio road commissioner shall," under rules of the commissioners court, direct the laying out of new roads, construction or changing of roads, and the building of bridges. *Id.* § 252.006(b). *See also id.* §§ 251.003(a) (commissioners court may make all necessary rules and orders for construction of public roads); 251.081 (authority of commissioners court to build and maintain bridges). "Subject to authorization by the commissioners court, an ex officio road commissioner may employ persons for positions in the commissioner's precinct to be paid from the county road and bridge fund." *Id.* § 252.006(c). *See also id.* § 256.001 (money in the county road and bridge fund may be spent only by order of the commissioners court). The ex officio road commissioner "may discharge any county employee working in the commissioner's precinct who is paid from the county road and bridge fund." *Id.* § 252.006(d).

An ex officio road commissioner must also determine the condition of the public roads in the precinct and the kind of work to be done on them, as well as direct "the manner of grading, draining, or otherwise improving the roads." *Id.* § 252.006(f). He has the reporting duties that Transportation Code sections 251.004 and 251.005 require of county commissioners serving as road supervisors. *See id.* § 252.006(e). *See also id.* §§ 251.004(b) (duty to supervise the public roads in the precinct at least once a month); 251.005 (annual report on the condition of each road, culvert and bridge in the precinct; the funds needed to maintain the roads during the next fiscal year; any new road that should be opened; and other information relating to improvements).

## III.    Questions

You ask the following questions:

1.    Is the ex officio road commissioner system as adopted and functioning in Denton County in accordance with legal requirements and within the discretion of the Commissioners Court?

2.    Was the allocation of road and bridge funds for Fiscal Year 2004 in accordance with legal requirements and within the discretion of the Commissioners Court?

3.    Is the proposed allocation of road and bridge funds for Fiscal Year 2005 in accordance with legal requirements and within the discretion of the Commissioners Court?

4.    Does the ex officio road commissioner of Precinct 2 have joint authority with the ex officio road commissioner of Precinct 1 to hire the road and bridge crew to perform work in Precincts 1 and 2?

5.    What authority, if any, does one Denton County ex officio road commissioner who shares a road crew with another ex officio road commissioner have over the road crew while it is performing work in the other commissioner's precinct?

6.    What authority does the Commissioners Court acting as a unit have over the individual ex officio road commissioner?

7.    If not answered in Question 6, what authority does the Commissioners Court acting as a unit have over the budget allocated to an individual ex officio road commissioner during the fiscal year other than its annual budgeting authority?

8.    May an ex officio road commissioner system continue to be used in a County in which there are no longer any county roads in one of the commissioner precincts?

Request Letter, *supra* note 1, at 4-5.

We will first answer questions 2 through 5, which relate to the legality of specific aspects of the Denton County road system and then answer question 1, which relates to the system's legality in its entirety, and then questions 6 through 8.

## IV.    Questions 2 and 3: Allocation of Road and Bridge Funds

You ask whether the allocations of road and bridge funds for fiscal years 2004 and 2005 complied with the law and were within the commissioners court's authorized discretion. Article V, section 8 of the Texas Constitution gives the district court "appellate jurisdiction and general supervisory control over the County Commissioners Court." TEX. CONST. art. V, § 8. Discretionary matters are for the commissioners court to resolve in the first instance, subject to judicial review. *See Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997).

The leading case on allocating the county road and bridge fund among the precincts is *Stovall v. Shivers*, 103 S.W.2d 363 (Tex. 1937). The court in *Stovall* interpreted former article 6740 of the Revised Civil Statutes,[3] the predecessor of Transportation Code section 252.108, which provides as follows:

---

[3]Act approved April 6, 1889, 21st Leg., R.S., ch. 111, § 6, 1889 Tex. Gen. Laws 134, 135, reprinted in 9 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822-1897, at 1162, 1163 (Austin, Gammel Book Co. 1898).

> (a) In a county that employs road commissioners under this subchapter, the commissioners court shall ensure that the county road and bridge fund is judiciously and equitably spent on the roads and bridges in the county. As nearly as the condition and necessity of the roads permit, the fund shall be spent in each county commissioner's precinct in proportion to the amount of money in the fund collected in the precinct.

TEX. TRANSP. CODE ANN. § 252.108(a) (Vernon 1999). This provision, found in chapter 252, subchapter B, does not apply to Denton County or to other counties that have adopted the ex officio road commissioner system under subchapter A. It nonetheless states some general rules about a county's exercise of discretion in allocating the road and bridge fund among the precincts that provide guidance in addressing questions like yours. *See* Tex. Att'y Gen. LO-98-087 (relying on section 252.108 to consider allocation of road and bridge fund among precincts in county subject to Transportation Code chapter 251 and special road law).

In *Stovall*, the Texas Supreme Court stated that a district court may review and abrogate an action of the commissioners court if it "acted arbitrarily without the exercise of any discretion, or clearly abused its discretion, . . . especially if the action of the court involves a failure to perform a duty affecting the public welfare." *Stovall*, 103 S.W.2d at 366. It noted that the members of the commissioners court are "primarily representatives of the whole county, and not merely representatives of their respective precincts." *Id.* It is their duty to "transact the business, protect the interests, and promote the welfare of the county as a whole." *Id.* The commissioners court had mechanically allocated one-fourth of the fund to each precinct, regardless of the amount of taxes collected in the precincts or condition and needs of the roads, and the Texas Supreme Court found that this allocation was "not authorized by article 6740, or any other statute." *Id.* at 367. By contrast, in another case under former article 6740, the court upheld a commissioners court's allocation of the road and bridge fund to the precincts because the order was "supported by substantial evidence" and involved "no arbitrary action." *See Alley v. Jones*, 311 S.W.2d 717, 723 (Tex. Civ. App.–Beaumont 1958, writ ref'd n.r.e.). *See also Janes v. Morton*, 385 S.W.2d 702, 706 (Tex. Civ. App.–Amarillo 1964, writ ref'd n.r.e.) (upholding commissioners court's allocation of road and bridge fund under article 6740 because it was not arbitrary and was supported by substantial evidence).

Relying on *Stovall*, this office has developed a test for allocating vehicle registration fees placed in the county road and bridge fund pursuant to section 502.102 of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 502.108 (Vernon Supp. 2004-05) (motor vehicle registration fees in road and bridge fund may only be used for the road construction, improvement, and maintenance purposes set out in statute). Attorney General Opinion O-1091 (1939) determined that the commissioners court, in spending the vehicle registration fees for county road purposes, "shall regard the roads and highways of the county as a system to be built, improved and maintained as a whole to the best interests and welfare of all the people of the county and of all the precincts of the county." Tex. Att'y Gen. Op. No. O-1091 (1939) at 7. *Accord* Tex. Att'y Gen. Op. Nos. H-428 (1974) at 3, V-566 (1948) at 4. *See also* Tex. Att'y Gen. Op. No. GA-0128 (2003) at 3; Tex. Att'y Gen. LO-98-087, at 6.

We conclude that the Denton County Commissioners Court has broad discretion to allocate the road and bridge fund among the precincts, keeping in mind its duty to represent the county as a whole. This authority applies to the allocations for fiscal years 2004 and 2005, as well as other budget years. We note, however, that in 2004 the county divided a portion of the fund equally among the four precincts, an allocation that may raise a question as to whether the commissioners court has exercised its discretion in the best interest of the county as a whole.  *See Stovall*, 103 S.W.2d at 367; Tex. Att'y Gen. LO-98-087, at 6. The county's allocation of the road and bridge fund is subject to judicial invalidation for arbitrary action or other abuse of discretion. Whether the commissioners court abused its discretion in adopting the allocation for 2004 or 2005 must be determined by considering the evidence relevant to each annual allocation, something that cannot be resolved in an attorney general opinion. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0139 (2004) at 5, GA-0003 (2002) at 1; Tex. Att'y Gen. LO-98-087, at 6.

You are also concerned about a restriction on the 2005 allocation to precincts two and three. *See* Request Letter, *supra* note 1, at 4, 12. The commissioners court's order allocating the road and bridge fund provides that "funds for Precincts 2 and 3 shall be deposited in 'contract labor, road work.'" *Id.* at 4. You state that the "probable interpretation" of this phrase "is that the ex officio road commissioners for Precincts 2 and 3 will not have the use of the road and bridge crews and will have to contract with private sources for any road work that either seeks to do during the next fiscal year." *Id.* In answering your question, we will rely on your interpretation of the restriction.

As already noted, an ex officio road commissioner may hire employees for his precinct if the commissioners court authorizes the position. TEX. TRANSP. CODE ANN. § 252.006(c) (Vernon 1999). Chapter 252, subchapter A does not, however, authorize the ex officio commissioner to contract with a public or private entity to have road work done in his precinct. A county may act only through its commissioners court, and individual commissioners have no authority to make contracts that are binding on the county, except where authorized to do so by statute. *See Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1948); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). *See also* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 6 (ex officio road commissioner has no authority to accept a street for county maintenance). Subchapter A authorizes a commissioners court to "construct, grade, or otherwise improve a road or bridge by contract," *see* TEX. TRANSP. CODE ANN. § 252.005(b) (Vernon 1999), but ex officio road commissioners do not have such authority. Accordingly, the ex officio road commissioners for precincts two and three may not individually contract with an entity for road work within their precincts. They may, however, request the commissioners court to contract pursuant to section 252.005(b) with a public or private entity to construct, grade, or improve a road or bridge within their respective precincts.

## V.    Questions 4 and 5: Hiring and Supervising Road Crews

The Denton County Commissioners Court, having adopted subchapter A, must administer the county roads consistently with its provisions. Commissioners courts possess only those powers expressly conferred by the Texas Constitution and the legislature. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003); *Canales*, 214 S.W.2d at 453. While a commissioners court has broad discretion in exercising powers expressly conferred upon it, the legal basis for any action by the court must be found in the constitution or statutes. *See Canales*, 214 S.W.2d at 453. *See also City of San Antonio*, 111 S.W.3d at 28; *Anderson*, 152 S.W.2d at 1085.

In *Canales v. Laughlin*, the Jim Wells County Commissioners Court adopted a resolution providing that the roads in the county would be built, operated, and maintained on a county-wide basis and that the county would employ a county road unit administrative officer, who would exercise broad powers over county road administration, such as hiring and firing employees, setting their compensation, and purchasing equipment, materials, and supplies. *See Canales*, 214 S.W.2d at 454, 456. The Texas Supreme Court determined that the commissioners court was statutorily authorized to provide for administering the roads on a county-wide basis, but that no statute authorized the court to create the position of county road unit administrative officer. *See id.* at 454-55. The court reviewed statutes authorizing the commissioners court to employ road commissioners, road superintendents, and a county engineer. *See id.* Finding that the commissioners court's employment of a county road unit administrative officer did not comply with any of these provisions, the court reached the following conclusion:

> [S]ince the legislature has expressly provided that the commissioners courts may employ persons to superintend or supervise the county road system and has placed certain conditions and restrictions on the exercise of this power, these conditions and restrictions must be observed if the authority is to be exercised.

*Id.* at 457. *Accord Starr County v. Guerra*, 297 S.W.2d 379, 380 (Tex. Civ. App.–San Antonio 1956, no writ) (commissioners court may employ road commissioner only as authorized by statute); *Guerra v. Rodriguez*, 239 S.W.2d 915, 918 (Tex. Civ. App.–San Antonio 1951, no writ) (position of ex officio road commissioner for precinct does not exist in county absent a statute creating that position).

These decisions about the authority of the commissioners court and individual commissioners guide us in addressing your fourth question, as to whether the ex officio road commissioners of two precincts have joint authority to hire the road and bridge crew to work in both precincts.

Subchapter A provides that "[s]ubject to authorization by the commissioners court, an ex officio road commissioner may employ persons for positions in the commissioner's precinct to be paid from the county road and bridge fund." TEX. TRANSP. CODE ANN. § 252.006(c) (Vernon 1999). It also authorizes an ex officio road commissioner to discharge any county employee working in his precinct who is paid from the county road and bridge fund. *See id.* § 252.006(d). Once the commissioners court has authorized an employee position in a precinct, the ex officio road commissioner has authority to hire someone for that position as well as authority to fire that person. *See* Tex. Att'y Gen. LO-97-021, at 2; Tex. Att'y Gen. Op. Nos. DM-158 (1992) at 4, MW-362 (1981). Thus, a commissioners court lacks authority to overturn an ex officio road commissioner's discharge of an employee working in that commissioner's precinct and paid from county road and bridge funds. *See* Tex. Att'y Gen. Op. No. DM-158 (1992) at 4.

Subchapter A, however, includes no provision authorizing two ex officio road commissioners jointly to hire a person to work in both precincts. Nor does it provide that the crew hired by one ex officio road commissioner may work on roads in another commissioner's precinct or be supervised by the other precinct's ex officio road commissioner. If a county adopts subchapter A,

"[a] county commissioner is the ex officio road commissioner *of the county commissioner's precinct.*" TEX. TRANSP. CODE ANN. § 252.003 (Vernon 1999) (emphasis added). The ex officio road commissioner's authority under subchapter A is limited to his own precinct.

We conclude, in answer to question 4, that the ex officio road commissioner of precinct two does not have joint authority with the ex officio road commissioner of precinct one to hire the road and bridge crew to perform work in precincts one and two. The answer to question 5 follows from our answer to question 4. A Denton County ex officio road commissioner has no authority to supervise a road crew jointly with the ex officio road commissioner of another precinct or to supervise employees other than those he has hired to work in his precinct.

## VI. Legality of Denton County Ex Officio Road Commissioner System

We now address your first question, whether the ex officio road commissioner system is operating in Denton County in accordance with legal requirements and within the discretion of the commissioners court. As we concluded in answering questions 2 and 3 about the allocation of the road and bridge fund, the Denton County Commissioners Court has broad discretion to allocate this fund among the four precincts, subject to its duty to represent the county as a whole. An attorney general opinion cannot, however, determine the validity of the court's decision as a matter of law. *See* Tex. Att'y Gen. Op. Nos. GA-0139 (2004) at 5, GA-0003 (2002) at 1. Thus, we cannot advise you whether the Commissioners Court has funded its road system in accordance with law.

In answering questions 4 and 5, however, we have determined that the ex officio road commissioner system as implemented in Denton County is not operating in accordance with the legal requirements set out in Transportation Code chapter 252, subchapter A. The ex officio road commissioner of a precinct does not have joint authority with the ex officio road commissioner of another precinct to hire a road and bridge crew to perform work in both precincts. Nor is an ex officio road commissioner authorized to supervise employees other than those he has hired to work in his precinct. In addition, we determined in answer to question 3 regarding the 2005 funding for the county road system that an ex officio road commissioner lacks authority to contract for road work to be done in his precinct. In these respects, the Denton County ex officio road commissioner system is not operating in accordance with the relevant law.

## VII. Questions 6 and 7: Commissioners Court's Authority as a Unit over an Individual Ex Officio Road Commissioner

You wish to know what authority the commissioners court acting as a unit has over an individual ex officio road commissioner. Under the ex officio road commissioner system, the commissioners court exercises a number of powers on behalf of the county and the road system as a whole. Chapter 252, subchapter A grants an individual ex officio road commissioner certain express powers to be exercised in his precinct, in most cases subject to the commissioners court's supervision.

We first note that money in the county road and bridge fund may be spent only by order of the commissioners court. *See* TEX. TRANSP. CODE ANN. § 256.001(b) (Vernon 1999). The

commissioners court's authority over spending for roads has at least a practical effect on what an individual road commissioner may do in his precinct. For example, an ex officio road commissioner's authority to hire an employee to work in his precinct depends upon the commissioners court's authorizing the position and funding it from the county road and bridge fund. *See id.* § 252.006(c); *see also* Tex. Att'y Gen. Op. No. JM-1070 (1989) at 4 (in county with ex officio road commissioner system, commissioners court sets working hours and holidays for road employees as an aspect of compensation). Once an authorized position is filled, the ex officio road commissioner may discharge an employee in his precinct without the commissioners court's supervision or approval. *See* Tex. Att'y Gen. Op. No. DM-158 (1992) at 4 (commissioners court does not have authority to reinstate an employee discharged by ex officio road commissioner from position in his precinct).

The commissioners court is responsible for adopting "a system for laying out, working on, draining, and repairing the public roads." TEX. TRANSP. CODE ANN. § 252.005(a) (Vernon 1999). Thus, the commissioners court makes decisions about locating and building new roads and the methods for working on, draining, and repairing the public roads. *See also id.* § 251.051 (commissioners court may order roads to be "laid out, opened, discontinued, closed, abandoned, vacated, or altered"); § 251.081 (commissioners court may erect and maintain bridges). Under rules adopted by the commissioners court, an ex officio road commissioner shall direct the

(1) laying out of new roads;

(2) construction or changing of roads; and

(3) building of bridges.

*Id.* § 252.006(b). An ex officio road commissioner thus implements the commissioners court's decisions on a day-to-day basis, by directing the work in his precinct according to rules established by the court.

The commissioners court has authority to "purchase vehicles, tools, and machinery necessary for working on public roads." *Id.* § 252.005(b). An ex officio road commissioner has no authority to make such purchases on behalf of the county. *See* Tex. Att'y Gen. Op. No. JC-0100 (1999) at 2. Under the commissioners court's direction, "an ex officio road commissioner is responsible for the vehicles, tools, and machinery belonging to the county and placed in the commissioner's control by the court." TEX. TRANSP. CODE ANN. § 252.006(a) (Vernon 1999). An ex officio road commissioner is therefore accountable to the commissioners court for his use of county property for road work in his precinct. The commissioners court may also "construct, grade, or otherwise improve a road or bridge by contract." *Id.* § 252.005(b). As we have already concluded, an ex officio commissioner has no independent authority to contract for road work in his precinct. Only the commissioners court acting as a unit may enter into such contracts. In summary, the ex officio commissioners are under the direction of the commissioners court in the exercise of most of their duties, as they implement the court's plans on a day-to-day basis. Ex officio road commissioners do have authority, subject to the budget, to hire and fire employees for their precincts. *See* Tex. Att'y Gen. Op. No. DM-158 (1992) at 3.

You also wish to know what authority the commissioners court acting as a unit has over the budget allocated to an individual ex officio road commissioner during the fiscal year, other than its annual budgeting authority. Section 111.070 of the Local Government Code provides the answer to this question. *See* Tex. Att'y Gen. Op. No. GA-0081 (2003) at 1 (section 111.070 governs budget amendment process in Denton County). *See also* TEX. LOC. GOV'T CODE ANN. ch. 111, subch. C (Vernon 1999 & Supp. 2004-05) (alternative method of budget preparation in countries with a population of more than 125,000). After the commissioners court gives final approval to the county budget, it may spend county funds only in strict compliance with it, except as provided by section 111.070. *See id.* § 111.070(a) (Vernon 1999). The commissioners court may amend the budget to authorize an emergency expenditure "only in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 111.070(b). The commissioners court may also transfer funds budgeted for one item to another budgeted item without authorizing an emergency expenditure. *See id.* § 111.070(c); Tex. Att'y Gen. Op. No. GA-0081 (2003) at 1-2. Thus, a commissioners court may transfer funds originally budgeted for one road precinct to another road precinct. *See* Tex. Att'y Gen. Op. No. DM-158 (1992) at 5.

## VIII.    Question 8:    Ex Officio Road Commissioner System Where One Precinct Has No County Roads

You ask whether an ex officio road commissioner system may continue to be used in a county where there are no longer any county roads in one of the precincts. *See* Request Letter, *supra* note 1, at 5. You state that when Denton County adopted the ex officio road commissioner system, there were only .075 miles of county roads in precinct three, excluding interstate highways, state highways, farm to market roads, and city streets, and that there may be no county roads in precinct three in the near future. *See id.* at 2-3, 15. "If there are no county roads in a precinct," you write, "there is no reason for the existence of an ex officio road commissioner." *See id.* at 15.

Transportation Code chapter 252, subchapter A does not specifically address such a case. However, an ex officio road commissioner may still have some statutory powers and duties even if most of the precinct is within the boundaries of incorporated municipalities and there are no county roads in the unincorporated area of his precinct.

A county has long had authority under common law to improve a city street that forms an integral part of or connecting link with county roads or state highways. *See City of Breckenridge v. Stephens County*, 40 S.W.2d 43, 43-44 (Tex. 1931); Tex. Att'y Gen. Op. No. JC-0036 (1999) at 1. *See also* TEX. TRANSP. CODE ANN. § 251.101 (Vernon 1999) (county may condemn, with municipality's consent, real property interest within municipality necessary or convenient to a road forming a connecting link in county road system or in a state highway). Transportation Code section 251.012 authorizes the commissioners court of a county to build, maintain, or improve city streets within the county that are not integral parts of or connecting links with the county roads, where this expenditure would serve a county purpose. *See id.* § 251.012 (Vernon Supp. 2004-05); Tex. Att'y Gen. Op. No. JC-0036 (1999) at 11. If the commissioners court decides to build, maintain, or improve a city street, the ex officio road commissioner of the precinct where the city street is located may be involved in implementing this decision. *See generally* TEX. TRANSP. CODE ANN.

§ 251.012(b) (Vernon Supp. 2004-05) (county work on city road may be done by county, by independent contractor with whom county has contracted, or pursuant to other specified methods).

Moreover, an ex officio road commissioner is required to report on the condition of roads, culverts, and bridges in his precinct. *See id.* § 251.005 (Vernon 1999). *See also id.* § 252.006(e) (ex officio road commissioner has duties of supervisor of public road under sections 251.004 and 251.005). This duty would apply to any county roads in an incorporated area. The ex officio road commissioner must also report if any new road should be opened in his precinct. *See id.* § 251.005(a)(4). Even if there are no roads in the unincorporated area of the precinct at present, circumstances may change so that roads will be needed in the future. Accordingly, we conclude that a county may continue to administer its roads under the ex officio road commissioner system even if there are no longer any county roads in the unincorporated area of one precinct.

## S U M M A R Y

In a county operating under the ex officio road commissioner system authorized by Transportation Code chapter 252, subchapter A, the ex officio road commissioners of two precincts may not jointly hire a road and bridge crew to work in both precincts. Nor may an ex officio road commissioner contract with a public or private entity to perform road work in his precinct, although the commissioners court may enter into such contracts. Denton County, in attempting to implement the ex officio road commissioner system in these ways, does not comply with chapter 252, subchapter A.

The commissioners court of a county has broad discretion, subject to judicial review and abrogation for abuse of discretion, to allocate the road and bridge fund among the county's precincts, keeping in mind its duty to represent the county as a whole. The Denton County Commissioners Court may amend its budget to authorize an emergency expenditure under the circumstances stated in Local Government Code section 111.070 and may transfer funds originally budgeted for one precinct to another precinct without authorizing an emergency expenditure.

A county may continue to administer its roads under the ex officio road commissioner system even if there are no longer any county roads in the unincorporated area of one precinct.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee