July 14, 2008

Mr. Sidney "Buck" LaQuey                          Opinion No. GA-0645
Grimes County Auditor
Post Office Box 510                               Re: Whether a county commissioner may be paid
Anderson, Texas 77830                            while working for the county sheriff in the jail
                                                  division (RQ-0661-GA)

Dear Mr. LaQuey:

You state that a Grimes County Commissioner "has been working and received a salary paid by the jail division of the sheriff's department in addition to receiving the salary as" county commissioner.[1] You ask whether the commissioner may be paid for her work in the jail division. Request Letter, *supra* note 1, at 1. You believe Attorney General Opinion JC-0061, which construes Local Government Code section 81.002 to prohibit a county commissioner from being employed by the county, suggests that the answer is "no." *See id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 2008); Tex. Att'y Gen. Op. No. JC-0061 (1999).

Local Government Code section 81.002(a) requires a county commissioner, "[b]efore undertaking the duties of" the office, to

> take the official oath and swear in writing that the person will not be *interested, directly or indirectly, in a contract with or claim against the county* except:
>
> (1) a contract or claim expressly authorized by law; or
>
> (2) a warrant issued to the judge or commissioner as a fee of office.

TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 2008) (emphasis added).

As Opinion JC-0061 notes, "[s]ection 81.002 states a strict rule against conflicts of interest." Tex. Att'y Gen. Op. No. JC-0061 (1999) at 2. While Local Government Code chapter 171 has

---

[1]Letter from Sidney "Buck" LaQuey, Grimes County Auditor, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Dec. 31, 2007) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

repealed section 81.002 with respect to a county commissioner's interest in business entities and real property, Opinion JC-0061 concludes that section 81.002 remains viable with respect to a county commissioner's employment relationship with the county. *See id.* at 3; *see also* TEX. LOC. GOV'T CODE ANN. § 171.004(a) (Vernon 2008) (generally requiring a local public official with a substantial interest in a business entity or real property, before a vote on a matter involving the business entity or real property, to disclose the interest and abstain from voting).

Section 81.002 precludes a county commissioner from simultaneously being employed by the county because a compensated county employee is "interested, directly or indirectly, in a contract with or claim against the county." Tex. Att'y Gen. Op. No. JC-0061 (1999) at 3 (quoting TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 1988)); *see also Starr County v. Guerra*, 297 S.W.2d 379, 380 (Tex. Civ. App.—San Antonio 1956, no writ) (indicating that the oath provision precludes a county commissioners court from employing a commissioner). Because an ambulance driver in the county at issue in JC-0061 was a county employee and paid with county funds, the opinion determines that the county may not pay a county commissioner for employment as an ambulance driver. *See* Tex. Att'y Gen. Op. No. JC-0061 (1999) at 3–4.

In the situation you describe, the county commissioner is compensated for work performed in the jail division of the sheriff's office, and the commissioner thus has entered an employment relationship with the county. *See* Request Letter, *supra* note 1, at 1. An employee of a county sheriff's department is a county employee paid with county funds. *Cf.* Tex. Att'y Gen. Op. No. GA-0465 (2006) at 3 (stating that many counties employ one person to serve as both jailer and deputy sheriff); Tex. Att'y Gen. Op. No. GA-0322 (2005) at 3 n.5 (stating that a sheriff's deputies "are county employees paid by county funds"); Tex. Att'y Gen. Op. No. S-96 (1953) at 3 (concluding that a deputy sheriff is a county employee for purposes of the Workmen's Compensation Act); Tex. Att'y Gen. LO-93-62, at 2 (stating that both deputy sheriffs and county jailers "perform their duties on behalf of the sheriff").[2] Indeed, you tell us that the county is paying the commissioner for services as commissioner and with the sheriff's department "on one check from the county." Request Letter, *supra* note 1, at 1.

By becoming a compensated county employee, the commissioner has become interested in a contract with or claim against the county for purposes of Local Government Code section 81.002(a). *See* TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 2008); Tex. Att'y Gen. Op. No. JC-0061 (1999) at 3. Consequently, under section 81.002(a) a county commissioner may not be employed with the county sheriff's department unless the commissioner's contract or claim is within either of the exceptions to section 81.002(a). *See* TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 2008); Tex. Att'y Gen. Op. No. JC-0061 (1999) at 3. You do not suggest that the contract or claim at issue here is within either of the exceptions to section 81.002(a), and we do not find that it is.

---

[2]*See also* TEX. LOC. GOV'T CODE ANN. § 85.005(a) (Vernon 2008) (authorizing a sheriff, "with the approval of the commissioners court," to employ guards "to ensure the safekeeping of prisoners" and jail security); *id.* §§ 151.001(a), .002, .003 (providing generally that a county officer may appoint positions after the commissioners court has approved the positions); *id.* § 152.001 (authorizing the county commissioners court to set a county employee's compensation, salary, and expenses). *See generally* Tex. Att'y Gen. Op. No. O-2444 (1940) at 3–4 (describing the process by which a sheriff may appoint an employee with the commissioners court's approval).

Because an employee of the sheriff's department is a county employee, the situation about which you ask is distinguishable from that addressed in Attorney General Opinion GA-0360. *See* Tex. Att'y Gen. Op. No. GA-0360 (2005) at 1. That opinion considers whether the San Jacinto County Auditor may work as an accountant for the San Jacinto County Emergency Services District. *See id.* An emergency district, created under article III, section 48-e and Health and Safety Code chapter 775, is a special district and "a political subdivision of the state." TEX. CONST. art. III, § 48-e; TEX. HEALTH & SAFETY CODE ANN. § 775.031(a) (Vernon Supp. 2007); *see also* Tex. Att'y Gen. Op. No. GA-0360 (2005) at 2–3. A single-county emergency services district is governed by a board of commissioners that, although the members are appointed by the county commissioners, operates independently of the commissioners court. *See* Tex. Att'y Gen. Op. No. GA-0360 (2005) at 2; *see also* TEX. HEALTH & SAFETY CODE ANN. § 775.034(a)–(b) (Vernon Supp. 2007) (stating that board members are appointed to serve two-year terms). And an emergency services district may impose and collect taxes. *See* TEX. HEALTH & SAFETY CODE ANN. § 775.031(a)(5) (Vernon Supp. 2007); *see also* Tex. Att'y Gen. Op. No. GA-0360 (2005) at 3. The San Jacinto County Emergency Services District is, consequently, separate from the county such that an employee of the emergency services district would not be an employee of the county.

You indicate that, in reliance on Letter Opinion 97-081, the county attorney implicitly has approved the county commissioner's employment with the sheriff's department.[3] Letter Opinion 97-081 addresses only the constitutional prohibition of dual office holding and the common-law doctrine of incompatibility and concludes that neither prohibits a county commissioner from serving as a reserve deputy sheriff. *See* Tex. Att'y Gen. LO-97-081, at 1; *see also* TEX. CONST. art. XVI, § 40 (prohibiting the simultaneous holding by one person of "more than one civil office of emolument"); Tex. Att'y Gen. Op. No. GA-0569 (2007) at 1–2 (summarizing the doctrine of incompatibility). Letter Opinion 97-081 does not consider the applicability of Local Government Code section 81.002(a), as Opinion JC-0061 does. *See* Tex. Att'y Gen. LO-97-081, at 1–2; *cf.* Tex. Att'y Gen. Op. No. JC-0061 (1999) at 2–3. While Letter Opinion 97-081 correctly determines that simultaneously holding positions as a county commissioner and a sheriff's deputy does not implicate the constitutional dual office holding prohibition or the common-law doctrine of incompatibility, Local Government Code section 81.002(a) forbids a county commissioner from becoming a compensated county employee. *See* TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 2008); Tex. Att'y Gen. Op. No. JC-0061 (1999) at 3; Tex. Att'y Gen. LO-97-081, at 1.

In conclusion, the commissioner about whom you ask may not be paid for working in the sheriff's jail division. As this office stated in Opinion JC-0061, because section 81.002 precludes this employment relationship, "we need not address whether the arrangement violates the doctrine of common-law incompatibility . . . ." Tex. Att'y Gen. Op. No. JC-0061 (1999) at 4. And we recognize that this construction of section 81.002 vis-à-vis Local Government Code section 171.004(a) creates an anomaly in that, under section 171.004(a), a county commissioner may benefit from a contract with the county that involves a business entity or real property in which the

---

[3]*See* Letter from Sidney "Buck" LaQuey, Grimes County Auditor, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Jan. 7, 2008) (on file with the Opinion Committee).

commissioner has a substantial interest so long as the commissioner complies with chapter 171's requirements, yet section 81.002 prohibits the commissioner from entering an employment relationship with the county. But this is a policy matter for the Legislature—and not this office—to consider. *Cf.* Tex. Att'y Gen. Op. No. GA-0630 (2008) at 4 (suggesting that policy concerns are for the Legislature to address).

## S U M M A R Y

Local Government Code section 81.002(a) precludes a county commissioner from being paid for employment in the county sheriff's department.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee